■ INFOTECH MANAGEMENT INCORPORATED, Appellant, v RIVA MORSE et al., Respondents. (Action No. 1.) JEFFREY W. LAMB et al., Appellants, v RIVA MORSE et al., Respondents. (Action No. 2.)—In two actions for specific performance of a lease option to purchase real property, (1) the plaintiff in action No. 1 appeals from (a) an order of the Supreme Court, Queens County (Lonschein, J.), dated May 8, 1987, which denied its motion for summary judgment and upon searching the record, granted summary judgment in favor of the defendants dismissing the complaint, and (b) an order of the same court, dated August 27, 1987, which denied its motion denominated as an application for "renewal/reargument", but which was, in fact, an application for reargument; and (2) the plaintiffs in action No. 2 appeal from an order of the same court, dated December 4, 1987, which denied their motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order dated May 8, 1987 is modified, on the law and the facts, by deleting the provision thereof, which, upon searching the record, granted summary judgment dismissing the complaint; as so modified the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated August 27, 1987, is dismissed, without costs or disbursements, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated December 4, 1987, is modified, on the law and the facts, by deleting the provision thereof which granted the defendants' cross motion for summary judgment dismissing the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In July 1981, R.M.L. Company, as landlord of premises located at 24-20 Jackson Avenue, Long Island City, New York, entered into a lease for a portion of the subject premises with J & C Lamb Corp., as tenant. The lease provided that the tenant, if not in default, had the option to purchase the entire premises. Such option to purchase would continue until termination of the lease on December 31, 1986. The lease also required the landlord's written consent prior to the execution of an assignment of the lease or any part thereof.

In August 1981, J & C Lamb Corp. purported to assign its option to purchase under the lease, to its principals Jeffrey W. Lamb, Craig Lamb, and Michael W. Bersin, in their individual capacities.

In 1982 J & C Lamb Corp. was dissolved when it merged with Infotech Management Inc. (hereinafter Infotech). The principals of J & C Lamb Corp. became principals of Infotech, which succeeded to all of J & C Lamb Corp.'s rights under the lease.

In December 1984, the principals of Infotech sought to exercise the option to purchase the entire premises pursuant to the purported assignment to them by J & C Lamb Corp. However, R.M.L. Company, through its principals, indicated that it held the option to be null and void upon the ground that the assignment was allegedly executed without its knowledge or consent.

In October and December 1986, Infotech sought to exercise the option but R.M.L. Company, refused to convey the property citing prior default and the bad-faith attempt to exercise the option in 1984 by the principals of Infotech.

Infotech and its principals in their individual capacities (hereinafter the plaintiffs), commenced separate actions for specific performance of the option to purchase and moved for summary judgment in each action. The court denied the plaintiffs' motions and granted the application and cross motion of R.M.L. Company and its principals (hereinafter the defendants) for summary judgment dismissing the complaints in each action. The appeals from the orders in the separate actions were consolidated by order of this court.

We find that questions of fact exist with respect to whether the defendants consented to or waived their right to object to the purported assignment of the option to the individual plaintiffs. The papers submitted indicate that the parties apparently engaged in extensive negotiations concerning a purchase price following the initial attempt to exercise the

option. A question of fact arises as to whether the defendants were aware of the identity or status of the party seeking to exercise the option, i.e., the corporate tenant Infotech or the principals of Infotech in their individual capacities as assignees.

Since waiver is an intentional relinquishment of a known right and is essentially a matter of intention, it is for the jury to determine from the facts proven whether or not such intention existed on the part of the defendants (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 403). As the function of the court on a motion for summary judgment is issue finding, rather than issue determining (see, Cruz v American Export Lines, 67 NY2d 1, 13; Sillman v Twentieth Century-Fox Film Corp., supra, at 404), summary judgment dismissing the complaints was inappropriate. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.