■ Marsha Simons, Respondent, v Sherburne-Earlville Central School District, Appellant. [649 NYS2d 111] —Carpinello, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered November 22, 1995 in Chenango County, which, *inter alia,* denied defendant's motion to dismiss the complaint for failure to serve a timely notice of claim.

On September 19, 1989, plaintiff allegedly struck her head at the end of a swimming pool during gym class at Sherburne-Earlville Central School. She was 13 years of age at the time of her alleged injury. Plaintiff served a notice of claim in August 1991 and commenced the instant action in April 1994. Thereafter, in August 1995, defendant moved to dismiss the action based upon plaintiff's failure to serve a timely notice of claim or, in the alternative, for summary judgment. Plaintiff cross-moved for permission to serve a late notice of claim nunc pro tunc to refer back to the August 1991 service of the notice of claim. Supreme Court granted plaintiff's cross motion to serve a late notice of claim, denied defendant's motion to dismiss the complaint on that ground and found that material issues of fact existed precluding an award of summary judgment in defendant's favor. Defendant appeals.

General Municipal Law § 50-e (1) (a) provides that in a tort action against a public corporation, a notice of claim must be served within 90 days after the claim arises. Supreme Court has discretion to extend the time to serve a notice of claim up until the expiration of the Statute of Limitations, which is one year and 90 days after the accrual of the cause of action (*see,* General Municipal Law § 50-e [5]; § 50-i [1] [c]; *Matter of Meredithe C. v Carmel Cent. School Dist.,* 192 AD2d 952). Where the plaintiff is an infant, the one year and 90-day Statute of Limitations is tolled until the plaintiff reaches the age of majority (*see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 259).

In this case, the notice of claim was not served within 90

days of the date of the alleged accident, as required by General Municipal Law § 50-e (1) (a). Plaintiff's counsel served a notice of claim almost two years later without first having moved for permission to serve a late notice of claim. The notice of claim was therefore ineffective (*see generally, Camarella v East Irondequoit Cent. School Bd.*, 34 NY2d 139, 142; *Rodriguez v City of New York*, 169 AD2d 532, 533). Plaintiff's 18th birthday was March 18, 1994. The one year and 90-day Statute of Limitations began to run on that date. However, plaintiff did not move for leave to serve a late notice of claim until August 11, 1995, almost two months after the expiration of the Statute of Limitations. Consequently, Supreme Court lacked the power to grant plaintiff's cross motion to serve a late notice of claim (*see, Pierson v City of New York*, 56 NY2d 950, 955-956; *see also, Dua v Suffolk County*, 96 AD2d 1072; *Matter of Stoute v City of New York*, 91 AD2d 1043, 1044, *lv dismissed* 59 NY2d 602).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion granted and complaint dismissed.