■ MELISSA McSHERRY, Respondent, v HAWTHORNE SCHOOL, Defendant, and MASSAPEQUA UNION FREE SCHOOL DISTRICT No. 23, Appellant. [667 NYS2d 765] —In an action to recover damages for personal injuries, the defendant Massapequa Union Free School District No. 23 appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 3, 1997, which denied its motion to dismiss the complaint for failure to timely serve a notice of claim and granted the plaintiff's cross

motion to deem her notice of claim timely served nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the motion is granted, and the complaint is dismissed.

The plaintiff, who was then 11 years old, was injured in March 1989 when she fell while practicing gymnastic maneuvers in the appellant's Hawthorne School gym. The plaintiff turned 18 on April 14, 1995, and on or about July 12, 1995, she filed a notice of claim. The plaintiff commenced the instant action in December 1995. By notice of motion dated October 23, 1996, the appellant moved to dismiss the action on the ground that the plaintiff had failed to timely serve a notice of claim. The plaintiff cross-moved to deem the July 1995 notice of claim to be timely served nunc pro tunc. The Supreme Court denied the appellant's motion and granted the plaintiff's cross motion.

The appellant contends that the court was without authority to grant the plaintiff's cross motion since it was made more than one year and 90 days after the plaintiff's 18th birthday. We agree.

The Court of Appeals has held that an application to extend the time within which to serve a notice of claim "may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled" (*Pierson v City of New York,* 56 NY2d 950, 954; *see also, Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630, 633; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 262-263). In the instant case, the one year and 90-day limitations period commenced running when the plaintiff reached the age of majority and expired on or about July 14, 1996. The July 1995 notice of claim was ineffective since it was served without leave of court (*see, Simons v Sherburne-Earlville Cent. School Dist.,* 233 AD2d 592, 593), and the plaintiff's application to have it deemed timely filed was not made until November 1996, which is approximately four months after the expiration of the limitations period. Accordingly, the court had no authority to grant the plaintiff's cross motion (*see, Lopez v Brentwood Union Free School Dist.,* 149 AD2d 474, 475; *see also, Simons v Sherburne-Earlville Cent. School Dist., supra; Bell v Town of Oyster Bay,* 233 AD2d 282), and the complaint must be dismissed. O'Brien, J. P.; Joy, Friedmann and Goldstein, JJ., concur.