■ In the Matter of JANICE K. SCHMIDT et al., Respondents, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Appellant. [676 NYS2d 623] —In a proceeding pursuant

to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Board of Cooperative Educational Services of Nassau County appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 2, 1997, which granted the application and deemed the notice of claim served.

Ordered that the order is reversed, on the law, with one bill of costs, the application is denied, and the proceeding is dismissed.

On July 21, 1995, Phyllis Edelman, an employee of the appellant, was involved in an automobile accident. The petitioner William Schmidt was a passenger in Edelman's automobile. On May 15, 1996, prior to the commencement of this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners commenced an action against Edelman to recover damages for personal injuries. On March 7, 1997, the petitioners served a notice of claim upon the appellant and on March 12, 1997, the petitioners commenced this proceeding. The petitioners conceded that they failed to make their application for leave to serve a late notice of claim within one year and 90 days of when the cause of action accrued, but contend that Edelman and the appellant were united in interest so that service of the summons and complaint upon Edelman could be imputed to the appellant under the relation back doctrine pursuant to CPLR 203 (c).

An application to extend the time within which to serve a notice of claim may be made before or after the commencement of an action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled (*see, Pierson v City of New York,* 56 NY2d 950; *McSherry v Hawthorne School,* 246 AD2d 517). Since it is undisputed that the petitioners did not make their application for leave to serve a late notice of claim within one year and 90 days of when the cause of action accrued, the court had no authority to grant the application (*see, Pierson v City of New York, supra; McSherry v Hawthorne School, supra*).

We reject the petitioners' contention that the statute was tolled pursuant to CPLR 203 (c) because they commenced an action against an employee of the appellant. The appellant was required to indemnify the employee pursuant to Education Law § 3023, and thus, serving a notice of claim remained a condition precedent to commencing an action against the appellant (*see,* General Municipal Law § 50-e [1] [b]; *see also, Singer v Liberty Lines,* 183 AD2d 820; *Butterfield v Board of Trustees,* 131 AD2d 963). The petitioners' commencement of an action against the employee had no effect on compliance with

the condition precedent (*see, Savino v Demiglia,* 133 AD2d 389; *Seguritan v Northwest Airlines,* 86 AD2d 658, *affd* 57 NY2d 767). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.