■ In the Matter of ANTHONY SCUTERI, Respondent, v WATKINS GLEN CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondent. [689 NYS2d 751] —Carpinello, J. Appeal from an order of the Supreme Court (Ellison, J.), entered March 5, 1998 in Schuyler County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

In March 1991, petitioner was a 12-year-old sixth grader in defendant Watkins Glen Central School District (hereinafter the School District). At that time, petitioner reported to his parents and the Schuyler County Sheriff's Department that he had been subjected to sexual abuse by his homeroom teacher, respondent Gary M. Serlo. Petitioner and his parents met with the school principal and School District officials and subsequently filed written complaints with the School District and the Sheriff's Department. An investigation ensued but was eventually closed without any action having been taken.

In August 1997, nine months after attaining the age of 18, petitioner served a notice of claim on the School District. The notice of claim was rejected as untimely, giving rise to petitioner's application for leave to serve a late notice of claim. Supreme Court granted the application and the School District appeals.

When a tort action is to be brought against a public corporation, General Municipal Law § 50-e (1) (a) provides that a notice of claim must be served within 90 days after the claim arises, which here was, at the latest, March 1991 (see, Simons v Sherburne-Earlville Cent. School Dist., 233 AD2d 592). Supreme Court has the discretionary power to extend the time within which to serve a notice of claim on a public corporation, as long as an application therefor is made before the expiration of the Statute of Limitations (see, General Municipal Law § 50-e [5]), i.e., one year and 90 days after the cause of action has accrued (see, General Municipal Law § 50-i [1] [c]). Where the putative plaintiff is an infant, that Statute of Limitations is tolled until his or her eighteenth birthday (see, Simons v Sherburne-Earlville Cent. School Dist., supra, at 592). In deciding whether it will exercise its discretion, Supreme Court must consider all relevant factors, including the existence of a reasonable excuse for the delay in filing the notice of claim (e.g., the petitioner's infancy), whether the public corporation acquired actual knowledge of the facts giving rise to the claim within 90 days or a reasonable time after its accrual, and

whether its defense thereto would be substantially prejudiced by the delay (see, General Municipal Law § 50-e [5]; *Matter of Kelli A. v Galway Cent. School Dist.*, 241 AD2d 883, 884-885). The court's decision will be overturned only if there is an abuse of that discretion (see, *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 265).

Our review discloses that the School District received actual notice of the underlying facts well within 90 days after the last alleged incident of misconduct in the form of oral and written complaints from petitioner and his parents. We further find that the delay in serving petitioner's notice of claim has not substantially prejudiced the School District's defense. Several of petitioner's classmates were interviewed by the Sheriff's Department in the course of its 1991 investigation and their names should be readily available to the School District (see, *Matter of Meredithe C. v Carmel Cent. School Dist.*, 192 AD2d 952, 953). In addition, Serlo himself is a named respondent in this matter and there is no indication that he is unavailable as a source of information regarding the incidents in question.

Petitioner's failure to proffer an excuse for the delay or to establish that it was the product of his infancy is not fatal in cases such as the instant matter where the public corporation has received contemporaneous knowledge of the facts alleged in the claim and has not been substantially prejudiced by the delay (see, *Matter of Kelli A. v Galway Cent. School Dist.*, supra, at 884-885; see also, *Matter of Harwood v County of Albany*, 257 AD2d 747, 748). We conclude that there was no abuse of discretion on the part of Supreme Court. The School District's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.