■ LAVERNE J. HIBBERT et al., Appellants, v SUFFOLK COUNTY DEPARTMENT OF PROBATION et al., Respondents. [699 NYS2d 466] —In an action, *inter alia,* to recover damages based upon a violation of Executive Law § 296, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered October 19, 1998, which, upon an order of the same court dated October 7, 1997, denying the defendants' prior motion to dismiss the complaint and denying as academic the plaintiffs' cross motion, *inter alia,* for leave to serve a late notice of claim, and an order of the same court dated August 20, 1998, granting renewal of the motion and cross motion and, upon renewal, dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court did not err, upon renewal, in dismissing the complaint because the plaintiffs failed to file a timely notice of claim (*see, Mills v County of Monroe,* 59 NY2d 307, *cert denied* 464 US 1018; *Sebastian v New York City Health & Hosps. Corp.,* 221 AD2d 294). A notice of claim was required because the plaintiffs sought only to vindicate their individual interests, in the form of money damages, for an alleged invasion of their personal and/or property rights (Executive Law § 296; County Law § 52 [1]; General Municipal Law §§ 50-e, 50-i; *Roens v New York City Tr. Auth.,* 202 AD2d 274). Moreover, the plaintiffs' cross motion for leave to serve a late notice of claim, or to have prior lawsuits and Federal filings deemed the equivalent of a timely notice of claim, nunc pro tunc, was made on June 30, 1997, more than one year and 90 days from the March 14, 1994, accrual date of their grievance. The Supreme Court was therefore without authority to grant their cross motion (General Municipal Law § 50-e [5]; *see, e.g., Pierson v City of New York,* 56 NY2d 950; *McSherry v Hawthorne School,* 246 AD2d 517; *see also, Piontka v Suffolk County Police Dept.,* 202 AD2d 409). Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.