■ BIB CONSTRUCTION COMPANY, INC., Plaintiff, v CITY OF POUGHKEEPSIE et al., Defendants. (And Third-Party Actions.) (Action No. 1.) DIRECTOR DOOR CORP., Plaintiff, v BIB CONSTRUCTION COMPANY, INC., Defendant. (Action No. 2.) FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff, v CITY OF POUGHKEEPSIE, Respondent, et al., Defendants, and L.A. WENGER CONTRACTING Co., INC., Appellant. (Action No. 3.) [709 NYS2d 112] —In related actions, *inter alia*, to recover damages for breach of contract, L.A. Wenger Contracting Co., Inc., a defendant in Action No. 3, appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 8, 1999, as denied its motion for leave to serve a late notice of claim upon the City of Poughkeepsie, a codefendant in Action No. 3, pursuant to General Municipal Law § 50-e (5), and for leave to amend its answer to assert an additional cross claim against the City of Poughkeepsie to recover damages for tortious interference with contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant, L.A. Wenger Contracting Co., Inc. (hereinafter Wenger), a defendant in Action No. 3, *inter alia*, sought leave to serve a late notice of claim against the respondent City of Poughkeepsie (hereinafter the City), a codefendant in Action No. 3, for damages it allegedly sustained as the result of the City's tortious interference with a contract between it and the plaintiff in Action No. 3. An application to extend the

time within which to serve a notice of claim must be made no more than one year and 90 days after the cause of action accrued (*see, Pierson v City of New York,* 56 NY2d 950; *Matter of Schmidt v Board of Coop. Educ. Servs.,* 253 AD2d 433, 434; *McSherry v Hawthorne School,* 246 AD2d 517). Here, Wenger's cause of action alleging tortious interference with a contract accrued on or about May 14, 1992, when its contract with the plaintiff was allegedly wrongfully terminated, and not on the date of discovery of the wrongful act (*see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94). Wenger's application for leave to serve a late notice of claim was time-barred since it was made over seven years after the accrual of the cause of action (*see,* General Municipal Law § 50-e [5]).

In addition, Wenger failed to demonstrate that its failure to timely serve a notice of claim was the result of fraud, misrepresentations, or deception by the City (*see, Simcuski v Saeli,* 44 NY2d 442, 448-449; *Matter of Dockery v Department of Hous. Preservation & Dev.,* 223 AD2d 705; *Zaiman v Metropolitan Tr. Auth.,* 186 AD2d 555), or that the City had a duty to disclose its alleged tortious conduct at an earlier date (*see, Simcuski v Saeli, supra,* at 452; *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668).

The appellant's remaining contentions are without merit. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.