[726 NYS2d 116]

In the Matter of ANITA R. FREUDENTHAL, Respondent, v COUNTY OF NASSAU et al., Appellants.

Second Department, June 4, 2001

#### APPEARANCES OF COUNSEL

*Alfred F. Samenga,* Mineola (*Gerald R. Podlesak* of counsel), for appellants.

*Brian K. Saltz,* Farmingdale, for respondent.

#### OPINION OF THE COURT

LUCIANO, J.

We are asked to determine whether a claimant who has filed a complaint alleging unlawful discriminatory practices with the New York State Division of Human Rights is required to file a notice of claim with the municipality against which the claim is asserted as a condition precedent to maintaining an administrative proceeding. We hold that it is unnecessary for a claimant to file a notice of claim with a municipality in connection with a claim pursuant to Executive Law § 296 alleging unlawful discriminatory practices where the claimant has elected to pursue redress with the administrative agency, the New York State Division of Human Rights, rather than through an action in a court of law.

#### FACTS

In 1970, the petitioner, Dr. Anita Freudenthal, was hired by the appellant Nassau County Department of Health as a marine biologist, and thereafter became the chief of the Office of Marine Ecology in the Bureau of Water Pollution Control of the Nassau County Department of Health. In early 1992, purportedly as a result of a budget crisis in the appellant County of Nassau (hereinafter the County), the Nassau County Department of Health abolished three offices of the Bureau of Water Pollution Control, including the Office of Marine Ecology. Thus, the petitioner, at the age of 60 and the only female among several chiefs supervising the offices in the Bureau of Water Pollution Control, was terminated from her employment.

In April 1992, the petitioner filed a complaint with the New York State Division of Human Rights against the County and

the Nassau County Department of Health, alleging, *inter alia,* that she had been subjected to disparate treatment while employed with the Office of Marine Ecology due to her sex and age, and that she had been terminated from her employment on those bases, while male employees with fewer credentials and less experience or seniority were not terminated from their employment despite the similar abolition of their offices. She did not, however, file a notice of claim with the County prior to filing the complaint with the New York State Division of Human Rights.

The New York State Division of Human Rights investigated the allegations of the petitioner's complaint and provided the Nassau County Department of Health with a full opportunity to respond to its investigation and questions. In January 1993, the New York State Division of Human Rights concluded that there was probable cause to believe that the Nassau County Department of Health had engaged in the unlawful discriminatory practice of which the petitioner complained and recommended a public hearing. No further action was taken by any party to the proceeding until the New York State Division of Human Rights notified the petitioner by letter dated July 15, 1999, that because she had failed to file a notice of claim in connection with her case, the complaint was in danger of being dismissed. She was advised to seek legal counsel.

The petitioner brought this hybrid proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim and action for a judgment declaring that she was not required to file a notice of claim. She argued, *inter alia,* that her claim that the appellants had committed an unlawful discriminatory practice pursuant to Executive Law § 296 was not a tort claim, and, therefore, she was not required to comply with General Municipal Law § 50-i, which mandates the filing of a notice of claim as a condition precedent to the maintenance of an unlawful discriminatory practice claim. The County argued in opposition that the language of County Law § 52 and Nassau County Administrative Code § 11-4.2, also concerning notice of claim requirements in tort actions, was broad enough to encompass a claim to recover for unlawful discriminatory practice pursuant to Executive Law § 296. In its order and judgment in favor of the petitioner, the Supreme Court, *inter alia,* declared that she was not required to file a notice of claim as a condition precedent to the maintenance of her complaint with the New York State Division of Human Rights.

## ANALYSIS

In general, a party may not make a claim in law or equity against a municipality without first notifying the municipality of its intention to make the claim (*see*, General Municipal Law § 50-i [1]; § 50-e). The appellants correctly argue that the notice requirements of both County Law § 52 and Nassau County Administrative Code § 11-4.1 are applicable to private unlawful discriminatory practice claims pursuant to Executive Law § 296 which are commenced in a court of law (*see*, *Mills v County of Monroe*, 59 NY2d 307, *cert denied* 464 US 1018; *see also*, *Pustilnik v Hynes*, 2000 US Dist LEXIS 8718, 2000 WL 914629 [ED NY, June 27, 2000]; *Hibbert v Suffolk County Dept. of Probation*, 267 AD2d 205). This case is distinguishable because the petitioner did not commence an action in a court of law. Instead, she sought redress through an administrative agency investigation and proceeding. In choosing this form of redress, she was expressly precluded from commencing an action in a court of law for damages or other remedies, unless the administrative agency dismissed the administrative proceeding on the ground of "administrative convenience" (*see*, Executive Law § 297 [9]; *Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.*, 61 NY2d 542).

The issue is not, therefore, as the appellants contend, whether the petitioner's allegations of discrimination constitute the type of claim for which a notice of claim must be filed. The issue is, instead, whether the type of forum in which a party elects to pursue a claim against a municipality determines the applicability of the notice of claim requirements.

The plain meaning of the language which the New York State Legislature has chosen to employ in the notice of claim statutes is instructive. General Municipal Law § 50-i (1) provides, in relevant part:

> "No *action or special proceeding* shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property * * * unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this chapter, (b) it shall appear by and as an *allegation in the complaint or moving papers* that at least thirty days have elapsed since the service of such notice and that

> adjustment or payment thereof has been neglected or refused, and (c) *the action or special proceeding* shall be commenced within one year and ninety days after the happening of the event upon which the claim is based" (emphasis added).

Notably, the statute refers to an "action or special proceeding." An action is the plenary prosecution of a right in a court of law, seeking the vindication of that right in a final judgment (*see,* Siegel, NY Prac § 4, at 5 [2d ed]; Black's Law Dictionary 29 [7th ed 1999]). The word "action" includes a special proceeding (*see,* CPLR 105 [b]), and actions and special proceedings are "civil judicial proceedings" (*see,* CPLR 103 [a], [b]). Subdivision (b) of General Municipal Law § 50-i (1), moreover, refers specifically to the allegations of a complaint or moving papers, documents usually associated with an action in a court of law. It is apparent from the clarity of the language in the statute that the New York State Legislature intended to limit the application of General Municipal Law § 50-i to proceedings occurring in a court of law rather than proceedings commenced in and conducted by an administrative agency.

Similarly, County Law § 52, pertaining to the presentation of tort claims and the commencement of actions, provides, in relevant part:

> "1. Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature * * * must be made and served in compliance with section fifty-e of the general municipal law. *Every action upon such claim* shall be commenced pursuant to the provisions of section fifty-i of the general municipal law. The place of *trial* shall be in the county against which the *action* is brought" (emphasis added).

The language of County Law § 52, which requires the presentation of a notice of claim under the procedures set forth in General Municipal Law §§ 50-i and 50-e, specifically applies the notice requirements to claims pursued within the context of a judicial proceeding commenced in a court of law. There is no mention of claims made to an administrative agency. The statute further indicates the Legislature's clear intention to require notice to the County in the instance of a court action by using the words "place of trial" in describing the forum county.

In relevant part, the notice of claim requirement of Nassau County Administrative Code § 11-4.1 provides that any claim against the County for damages arising at law or in equity:

> "shall be verified by the claimant in the form as required for the verification of a *pleading in an action* * * * No *action* may be maintained against the county * * * unless it shall appear by and as an *allegation in the complaint or the moving papers* that notice has been presented as aforesaid and that notice of intention to *commence the action* was served upon the County Attorney * * * The place of *trial of all actions* brought against the county shall be in the County of Nassau" (emphasis added).

The Nassau County Administrative Code emphasizes the intent of the Nassau County Legislature to require that a notice of a claim be filed as a condition precedent to the maintenance of a proceeding in a court of law by referring to pleadings, allegations, trial, and actions. In this regulation, also, there are no references to proceedings before an administrative agency.

The cases in which courts have addressed issues related to notice of claim statutes have involved actions commenced in a court of law (*see, Lane-Weber v Plainedge Union Free School Dist.,* 213 AD2d 515; *Alaimo v New York City Dept. of Sanitation,* 203 AD2d 501; *Caselli v City of New York,* 105 AD2d 251). For example, in *Mills v County of Monroe* (59 NY2d 307), where the Court of Appeals purposefully extended the reach of the County Law to individuals seeking to vindicate a private right against discrimination pursuant to Executive Law § 296, the plaintiff commenced an action in the Supreme Court of Nassau County to recover damages (*see also, Pustilnik v Hynes,* 2000 US Dist LEXIS 8718, 2000 WL 914629, *supra* [action for employment discrimination commenced in District Court]; *Hibbert v Suffolk County Dept. of Probation, supra*).

We note the contrary holding of the Appellate Division, Third Department, in *Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights* (226 AD2d 794), that a complainant filing a claim with the New York State Division of Human Rights for sex discrimination against two principals in the School District must comply with the statutory notice of claim requirement set forth in Education Law § 3813. As in General Municipal Law §§ 50-i and 50-e, County Law § 52, and

Nassau County Administrative Code § 11-4.1, however, the language of Education Law § 3813 refers to the court and to "actions or special proceedings" without also making reference to administrative proceedings (Education Law § 3813 [1]). "When the Legislature's words and actions point out the correct interpretive road to follow, there is no justification for a court of law to follow another path" (*Schiavone v City of New York*, 92 NY2d 308, 317). Accordingly, we disagree with this sole precedent from the Appellate Division, Third Department.

Pursuant to Executive Law § 297 (9), once a person has elected to pursue a claim for discrimination pursuant to Executive Law § 296 with an administrative agency, that person is precluded from pursuing the same claim in a court of law (*see, Hirsch v Morgan Stanley & Co.*, 239 AD2d 466; *Scopelliti v Town of New Castle*, 210 AD2d 308). Logically, therefore, one pursuing a claim through an administrative agency should not be subjected to the rules applicable to claims presented in a court of law.

Furthermore, the Executive Law states that upon the filing of a discrimination complaint, the agency "shall promptly serve a copy thereof upon the respondent and all persons it deems to be necessary parties, and make prompt investigation in connection therewith" (Executive Law § 297 [2]). The New York State Legislature has, therefore, provided a mechanism for notice of a claim to the municipality which serves the same purpose provided by the notice of claim statutes, to wit, that the municipality is afforded an opportunity to make prompt investigation of the facts and to preserve the relevant evidence (*see, Matter of Beary v City of Rye*, 44 NY2d 398; *Lomax v New York City Health & Hosps. Corp.*, 262 AD2d 2). In effect, the administrative agency steps into the shoes of the petitioner, becoming the principal entity pursuing the investigation on the petitioner's behalf. Since the agency solicits the participation of the municipality in the investigation of the claims, the municipality is provided with every opportunity to promptly conduct its own investigation.

It is undisputed in this case that within weeks after the petitioner's employment was terminated on January 9, 1992, the Nassau County Commission of Human Rights began investigating her claim. Such investigation included conversations with some of the petitioner's former colleagues, including at least one bureau chief. The formal charges of discrimination were filed with the New York State Division of Human Rights on April 21, 1992, less than four months after the petitioner's

employment was terminated. The New York State Division of Human Rights requested that the Nassau County Department of Health respond to discovery requests no later than June 24, 1992. On at least two occasions between July and September 1992, the Nassau County Department of Health offered to the New York State Division of Human Rights documentation and explanations to support its actions.

Under these circumstances, it is clear that the Nassau County Department of Health, the municipal entity allegedly responsible for the discriminatory practices, was on notice of the potential claim before the formal complaint was filed, and had an ample opportunity to investigate and address the formal complaint made against it shortly after the formal complaint was filed. Indeed, in this appeal neither the County nor the Nassau County Department of Health contend that they did not have an opportunity to investigate the claim. Consequently, the underlying purpose of the statutory notice of claim requirements was satisfied by compliance by the New York State Division of Human Rights with the administrative procedures set forth in the Executive Law, notwithstanding that a formal notice of claim pursuant to General Municipal Law § 50-e, County Law § 52, or Nassau County Administrative Code § 11-4.1 was not filed with the County in this case. We conclude, therefore, that the Supreme Court properly granted judgment to the petitioner, declaring that she was not required to file a notice of claim as a prerequisite to maintaining her claim before the New York State Division of Human Rights. Accordingly, the order and judgment is affirmed.

KRAUSMAN, J. P., H. MILLER and FEUERSTEIN, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.