The **AWOSTING RESERVE LLC** and, **Conservancy Partners LLC Plaintiffs,**

v.

**CHAFFIN/LIGHT ASSOCIATES CO., Defendant**

**No. 03 CIV. 8879(VM).**

United States District Court, S.D. New York.

Dec. 22, 2003.

Andrew H. Beatty, Joseph Banton, Bainton, McCarthy, L.L.C., New York City, for Plaintiffs.

Arthur M. Handler, Handler and Goodman, New York City, for Defendant.

## *DECISION AND AMENDED ORDER*

MARRERO, District Judge.

Plaintiffs The Awosting Reserve LLC and Conservancy Partners LLC (collectively "Awosting") initiated this diversity action against Chaffin/Light Associates Co. ("CLA") through an application for an Order To Show Cause seeking declaratory and injunctive relief. CLA opposes Awosting's request for a preliminary injunction and cross-moves this Court to dismiss or stay the action pending resolution of a related New York State Court action to compel arbitration between the parties. By Order dated December 8, 2003, the Court denied Awosting's application for declaratory relief and a preliminary injunction, granted CLA's cross-motion to dismiss this action and stated that is findings, conclusions and reasoning would be available subsequently. Accordingly, for the reasons described below, Awosting's motion is denied and CLA's cross-motion is granted.

### I. *Background*

Awosting was created to develop land in the Shawangunk Mountains of Ulster County, New York. Over 2,500 acres of land have been acquired for development into a community of housing, recreation facilities, and a nature and conservation center (the "Project"). (*See* Verified Complaint For Declaratory and Injunctive Relief, *The Awosting Reserve LLC and Conservancy Partners LLC v. Chaffin/Light Assoc. Co.*, S.D.N.Y. No. 03 CV 8879, dated Nov. 10, 2003 ("Compl.") at ¶¶ 3–4.) Awosting contracted with CLA, a real estate developer, to assist in securing capital for the Project and to begin its implementation. (*See id.* at ¶ 5.) In 2001, the parties entered into a Membership Agreement and a Development Agreement that set forth their rights and responsibilities with respect to the Project. (*See id.* at Exs. A–D.)

As part of the Project implementation, CLA filed various permit applications with the local municipality to construct a central sewer system pursuant to New York law. When the applications were denied, Awosting determined that it would not be economically feasible to continue the Project until the permits could be obtained, a process it estimated would take at least six months. (*See id.* at ¶¶ 9–16.) Awosting thus postponed the Project, asserting its right to do so under the Membership Agreement. (*See id.* at ¶ 22.)

Awosting notified CLA of its decision to postpone the Project, which also suspended the approximately $200,000 monthly cost of maintaining CLA. (*See id.* at ¶¶ 21–22.) Awosting asserts that after it postponed the Project, CLA has engaged in certain financial transactions in contravention of the parties' Membership Agreement, specifically the transfer of "liquid assets" from accounts under the control of Awosting to accounts controlled by CLA. (*See id.* at ¶¶ 23–27.) Accordingly, Awosting seeks to preliminarily enjoin CLA from "interfering with the activities of Awosting" including "conduct aimed at obtaining dominion and control over any of the assets of Awosting." (*Id.* at ¶ 37.) Awosting also seeks declaratory relief in the form of this Court's determination of the parties's respective rights under their agreements. (*See id.* at ¶¶ 28–32.)

CLA contests Awosting right to postpone the Project and asserts that the Development Agreement contains dispute resolution provisions that vest the right to make such a decision solely with the Project investors. (*See* Affidavit of Roger T. Beck In Opposition to Plaintiff's Motion and In Support Of Defendant's Cross–Motion, dated Dec. 1, 2003 ("Beck Decl."), at ¶¶ 21–23.) CLA further asserts that under the terms of the amended Development Agreement, CLA has broad powers

over the day-to-day activities over the Project, including management of the Project's bank accounts. (*See id.* at ¶¶ 12–17.) Accordingly, CLA claims that it is Awosting which has breached the parties' Development Agreements by asserting authority over funds that are under the control of CLA. CLA alleges that the present dispute falls squarely within the realm of the arbitration clause contained in the parties' Development Agreement. (*See id.* at ¶¶ 18, 21–23.)

On October 29, 2003, CLA filed a petition in New York State Supreme Court pursuant to Article 75 of New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") to compel arbitration of the dispute between Awosting and CLA. (*See Application of Chaffin/Light Assocs. Co.*, Petitioner, Index No. 118776/03) (IAS Part 19, Lehner, J.S.C.) (the "State Court Action"). CLA commenced the State Court Action to compel Awosting to arbitrate the dispute over whether Awosting had the right to postpone the Project. (*See* Beck Decl. at ¶¶ 28–29.) It is CLA's position that Awosting does not have the unilateral right to postpone the Project. The Court in the State Court Action has already held hearings and issued a preliminary ruling on this matter. (*See id.* at ¶¶ 30–33.) CLA opposes Awosting's request for a preliminary injunction on the grounds that Awosting has failed to make the requisite showing for such relief. CLA further seeks to dismiss or stay this action pending a final decision in the State Court Action. (*See* Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Preliminary Injunction, dated Dec. 1, 2003 ("Opp."), at 2–5.)

## II. *DISCUSSION*

### A. *AWOSTING'S REQUEST FOR A PRELIMINARY INJUNCTION*

■ Through its verified complaint, Awosting seeks to preliminarily enjoin CLA from interfering with activities relating to the Project, namely the control of the funds at issue. It is well settled that a party seeking a preliminary injunction must demonstrate: (1) irreparable harm if an injunction is not granted, and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping in the movant's favor. *See Bronx Household of Faith v. Board of Educ.*, 331 F.3d 342, 348–49 (2d Cir.2003) (citation omitted); *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 149 (2d Cir.1999); *Venconsul N.V. v. Tim Int'l N.V.,* No. 03 Civ. 5387, 2003 WL 21804833 (S.D.N.Y. Aug. 6, 2003). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (citation omitted) (italics in original).

■ The irreparable harm requirement is critical to the issuance of a preliminary injunction. Flowing from this requirement is the notion that money damages would be inadequate to remedy the injury alleged. In this regard, the Second Circuit has stated that:

> The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, ... and the moving party must show that injury is likely before the other requirements for an injunction will be considered.... To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.... And, irreparable harm must be

shown to be actual and imminent, not remote or speculative.

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002) (internal quotations and citations omitted). Awosting, therefore must show, as a threshold matter, that it will suffer irreparable harm for which money damages would be inadequate compensation if a preliminary injunction does not issue.

■ After careful consideration of the parties' submissions, the Court is not persuaded that Awosting has made the requisite showing of irreparable harm. Aside from a single conclusory statement, Awosting fails to explain why it would suffer irreparable harm if an injunction does not issue.[1] (*See* Compl. at ¶ 35.) Even accepting all of Awosting's allegations as true, Awosting has not made the requisite clear showing that money damages would be an inadequate remedy should it ultimately prevail on the merits. It is clear that the parties are engaged in a contractual dispute over funds Awosting claims it has the right to control. Indeed, Awosting itself refers to CLA's conduct as "efforts to strip Awosting of its remaining liquid assets." (*See* Compl. at ¶ 34.) The Court fails to see how an award of money damages would not adequately compensate Awosting should these issues be decided in its favor. This is not a case where, for example, there is an actual and imminent danger of permanent destruction or damage to the land to be developed. The dispute centers primarily around money and the Court finds no basis to hold that Awosting would not be adequately compensated with an award of money damages should the matter be ultimately resolved in its favor.[2] Accordingly, the Court denies Awosting's application for a preliminary injunction on the basis that it has not made a compelling showing of irreparable harm for which money damages would be inadequate.

Although a lack of irreparable harm is sufficient to deny a preliminary injunction, the Court further notes that Awosting has not made a showing of a likelihood of success on the merits. A fair reading of the parties' submissions suggests that the resolution of the dispute will turn on the application of state contract law in light of the surrounding circumstances. Aside from arguing its position, Awosting has not directed this Court's attention to any particular basis for finding that there is a likelihood that it will succeed on its contract claims. Thus, Awosting has also not persuaded the Court that there is a likelihood that it will succeed on the merits of its claims.[3]

## B. *DECLARATORY RELIEF*

Awosting's verified complaint further seeks this Court to issue a declaratory

---

1. The Court is mindful that irreparable harm may be presumed in certain contexts. *See, e.g., Prayze FM v. FCC*, 214 F.3d 245, 250 (2d Cir.2000) (statutory violation); *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir.2000) (First Amendment violation); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir. 1996) (copyright infringement); *Molloy v. Metropolitan Transp. Auth.*, 94 F.3d 808, 811 (2d Cir.1996) (government action); *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 967 (2d Cir.1995) (trademark infringement); *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir.2001) (false advertis-

ing). The Court, however, finds no basis to presume irreparable harm in this case.

2. Although Awosting also seeks to enjoin CLA from generally interfering with Awosting's activities related to the Project, it is not clear what these activities are aside from the control of the funds at issue.

3. Similarly, the Court finds neither a sufficiently serious question going to the merits nor that the balance of hardships tips in Awosting's favor.

judgment on the merits of the dispute and find that the Membership Agreement gives Awosting the right to postpone the Project. (*See* Compl. at ¶¶ 29–30.) CLA opposes declaratory relief and cross-moves this Court to dismiss or stay this action in light of the pending State Court Action, which is considering the same issues raised in this action. (*See* Opp. at 12–20.) In reply, Awosting argues that: (1) under a plain reading of the Membership Agreement, there is no "dispute" between the parties; and (2) the prior-commenced State Court Action is not an "action" between the parties, but a special proceeding under the N.Y. C.P.L.R. (*See* Plaintiff's Reply Memorandum Of Law In Further Support Of Their Motion, dated Dec. 3, 2003 ("Reply"), at 1–3.)

■ The Court finds Awosting's arguments to be without merit. By the very act of seeking declaratory and injunctive relief, Awosting acknowledges that a dispute exists. In stating that there can be no "dispute" between the parties, Awosting merely restates its argument that the plain language of the Membership Agreement vests the right to postpone the Project with Awosting. (*See* Reply at 1–2.) Moreover, Awosting itself characterized CLA's disagreement with Awosting's decision to postpone the Project as a "dispute." In the verified complaint, Awosting states that "the parties dispute" whether Awosting's postponement of the Project affects CLA's rights under the Development Agreement. (Compl. at ¶ 29.) The verified complaint goes on to state that "[b]y its conduct, CLA obviously disputes" Awosting's contention that the plain language of the Membership Agreement controls. (*Id.* at ¶ 30–31.) Thus, the Court finds Awosting's argument that there is no dispute between the parties to be meritless

and contradicted by its own statements. Whether the dispute is arbitrable is precisely what the State Court Action is endeavoring to determine.

The Court finds similarly without merit Awosting's argument that the State Court Action is not an "action" between the parties. According to Awosting, the State Court Action is a special proceeding that could not entertain any counterclaims, but rather, the state court would sever the counterclaims into a separate plenary action. (*See* Reply at 2–3.) Although the State Court Action may indeed be a special proceeding, under New York law, a petition filed under the N.Y. C.P.L.R. is nonetheless considered to be an "action" for all relevant and practical purposes. *See* N.Y. C.P.L.R. 105(b) (McKinney 2003) (defining an "action" as including a special proceeding); *Flather v. U.S. Trust Co. of N.Y.*, No. 93 Civ. 7504, 1994 WL 376088, at *1–4 (S.D.N.Y. July 15, 1994) (dismissing a federal action in light of a state accounting proceeding); *Freudenthal v. County of Nassau*, 283 A.D.2d 6, 726 N.Y.S.2d 116, 118 (2d Dep't 2001) (referring to both actions and special proceedings as "civil judicial proceedings"). Moreover, the fact remains that the same parties to this action are disputing the same agreements over the same set of operative facts. If this Court were to entertain the present action and consider granting Awosting declaratory relief, the possibility looms that a decision by this Court would produce a duplicative and potentially contradictory result with a decision rendered by the New York State Court.

Furthermore, if the court in the State Court Action were to conclude that the parties are required to arbitrate their dispute, this Court, if it granted Awosting the declaratory relief it seeks, would be con-

sidering the merits of this action in the face of a standing court order for the parties to settle their differences by arbitration. Although the Court is not precluded from exercising jurisdiction over this case, in the interests of judicial economy, the Court abstains from such jurisdiction pending resolution of the State Court Action. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 282–83, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (stating that a district court has discretion to entertain a declaratory judgment action even when all the jurisdictional requirements have been met). In granting CLA's motion to dismiss this action without prejudice, the Court also considers the following factors: (1) the State Court Action was initiated prior to the present action; (2) the state court has already held hearings and issued rulings on the matter, and is thus already immersed in the facts and law surrounding the merits of the case; (3) the matter raises solely issues of state law; and (4) there is no reason to believe that Awosting's rights would not be adequately protected in the State Court Action, even if a separate plenary action were initiated. *See General Reinsurance Corp. v. Ciba–Geigy Corp.,* 853 F.2d 78, 81 (2d Cir.1988) (listing factors to be considered when deciding whether to exercise federal jurisdiction in the face of a parallel state action); *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Awosting is free to re-initiate a federal diversity action if it finds there are remaining issues that survive the State Court Action.

For the reasons stated above, Awosting's application for declaratory and injunctive relief is DENIED and CLA's cross-motion to dismiss the action without prejudice pending resolution of the State Court Action is GRANTED.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the Court's Order dated December 8, 2003 is amended to incorporate the discussion above; and it is further

**ORDERED** that plaintiffs The Awosting Reserve LLC's and Conservancy LLC's (collectively "Awosting") application for declaratory relief and a preliminary injunction is DENIED; and it is finally

**ORDERED** that defendant Chaffin/Light Associates Co.'s ("CLA") cross-motion to dismiss this action pending resolution of the related New York State court action is GRANTED. The action is dismissed without prejudice pending final resolution of the action to compel arbitration between the parties currently before the New York State Supreme Court.

The Clerk of Court is directed to close this case.

**SO ORDERED.**