■ In the Matter of MICHELE APGAR, on Behalf of COURTNEY APGAR, an Infant, Respondent, v WAVERLY CENTRAL SCHOOL DISTRICT, Appellant. [828 NYS2d 652]—

Mugglin, J. Appeal from an order of the Supreme Court (Tait, J.), entered May 8, 2006 in Tioga County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner's five-year-old daughter was injured in January 2005 while playing on the playground slide at the "Kindergarten

Campus" of the Waverly Elementary School in the Village of Waverly, Tioga County. In November 2005, petitioner sought leave to serve a late notice of claim against respondent. Supreme Court granted the application and respondent appeals.

Supreme Court, in the exercise of its sound discretion, may grant leave to file a late notice of claim pursuant to General Municipal Law § 50-e if the application is timely made (see Education Law § 3813 [2]; Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., 287 AD2d 761, 762 [2001]). In exercising its discretion, the trial court must consider certain statutory factors, including whether the respondent had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in filing the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim (see General Municipal Law § 50-e [5]; Matter of Lanphere v County of Washington, 301 AD2d 936, 937 [2003]; Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., supra at 762; Matter of Scuteri v Watkins Glen Cent. School Dist., 261 AD2d 779, 779 [1999]). If all pertinent factors have been analyzed and no abuse of discretion has occurred, a grant of leave to file a late notice of claim will not be disturbed (see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., supra at 762). Applying these principles, we conclude that Supreme Court did not abuse its discretion in granting the application.

The record reveals that respondent had actual knowledge of the essential facts constituting the claim. At the time of the incident, the playground monitor who was specifically charged with watching the children on the slide carried the injured child to the nurse's office. The principal of the elementary school was informed, traveled with the child to the local hospital, and thereafter completed an incident report in which she concluded that the injury resulted from an unavoidable accident and did not require further investigation. As reflected by her affidavit, the principal was aware that the monitor in charge of the slide had cautioned the children shortly before this incident to allow enough time between students to avoid collision. Any failure to further inquire is not attributable to the late filing of the notice of claim.

Petitioner's proffered excuse for failure to timely file a notice of claim is that she believed the requirement to be tolled by her daughter's infancy. "Although it is true that 'petitioner's mere ignorance of the notice requirement does not constitute an acceptable excuse for [her] failure to timely file a notice of claim,' it is also well settled that 'petitioner's failure to allege a reason-

able excuse for the delay is not necessarily fatal to [her] application' because '[n]o one factor is dispositive of the issue' " (*Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., supra* at 762-763 [citations omitted]). Failure to offer any excuse or that it was the product of infancy is not fatal in cases where a school district has contemporaneous knowledge of the facts alleged in the claim and cannot demonstrate prejudice by the delay (*see Matter of Scuteri v Watkins Glen Cent. School Dist., supra* at 780). On the issue of prejudice, respondent claims that the memory of the children involved will have faded, it no longer uses or maintains the slide in question and the playground monitor has moved and her current whereabouts are unknown. In this regard, we note that respondent did not interview the children so it is unknown whether their memories have faded. We also note that respondent has not shown that it cannot locate the playground monitor or that she would be unable or unwilling to aid in the investigation or defense of the case. With respect to the slide, it is irrelevant that respondent no longer maintains it because the claim is based on a lack of adequate supervision, not on any defective condition of the slide. We thus conclude that respondent has failed to come forward with specific evidence demonstrating any impairment to its ability to conduct a defense as a result of the delay (*see Matter of Lanphere v County of Washington, supra* at 939).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.