■ MOHAWK VALLEY WATER AUTHORITY, Respondent, v STATE OF NEW YORK et al., Defendants, and ERIE BOULEVARD HYDROPOWER, L.P., Appellant. (Appeal No. 1.) [910 NYS2d 397]—Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 24, 2008. The order denied the motion of defendant Erie Boulevard Hydropower, L.P. to dismiss plaintiff's ninth and seventeenth causes of action and granted the motion of plaintiff for leave to file and serve an amended complaint.

Appeals and cross appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered May 28, 2009. The order and judgment, inter alia, declared that plaintiff has the right to divert the Hinckley Reservoir water flow at a rate not to exceed 35 cubic feet per second.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying that part of plaintiff's cross motion seeking summary judgment dismissing the first counterclaim of defendants State of New York and New York State Canal Corporation and reinstating that counterclaim, by denying that part of plaintiff's cross motion seeking partial summary judgment on the 4th and 11th causes of action against those defendants and vacating the declaration, and by reinstating the 6th, 7th, 13th and 14th causes of action against those defendants and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff, a public corporation, diverts water from West Canada Creek at Hinckley Reservoir to provide drinking water to the City of Utica and several other municipalities in the Mohawk Valley region. In 2002 plaintiff applied to the New York State Department of Environmental Conservation for a water supply permit authorizing plaintiff to expand its service to four additional municipalities. That application was opposed by defendants Erie Boulevard Hydropower, L.P. (Erie), the owner of two hydroelectric plants on West Canada Creek downstream from Hinckley Reservoir, and New York State Canal Corporation (Canal Corporation). Plaintiff thereafter commenced this action seeking, inter alia, a declaration that it "has an absolute and unconditional right to use up to 75 c.f.s. [cubic feet per second] of water from the West Canada Creek at Hinckley [R]eservoir" and that, to the extent that its right to draw up to 75 cubic feet per second of water from West Canada Creek is deemed to be encumbered or restricted by an agreement between its predecessor and defendant State of New York (State) executed in 1917 (1917 Agreement), the flow compensation and reservoir requirements of that agreement may not be enforced against it. In addition, plaintiff sought a declaration against Erie that Erie is barred by release from asserting damages or seeking compensation for plaintiff's diversion of water from West Canada Creek at Hinckley Reservoir.

Supreme Court properly denied the motion of Erie seeking partial summary judgment dismissing all but the 16th cause of action against it and granted that part of plaintiff's motion seeking summary judgment dismissing Erie's counterclaims. Plaintiff established that Erie has no rights against it with regard to the flow of West Canada Creek at Hinckley Reservoir, and Erie failed to raise a triable issue of fact with respect thereto. Although the property owned by Erie along West Canada Creek may properly be classified as riparian land, "[t]he riparian right . . . can be severed from the riparian land by grant, condemnation, relinquishment or prescription" (*Matter of Niagara Mohawk Power Corp. v Cutler*, 109 AD2d 403, 405 [1985], *affd* 67 NY2d 812 [1986]). Here, the State appropriated the waters of the West Canada Creek flowing at Hinckley and, by virtue of its 1921 agreement with the State (1921 Agreement), Erie's predecessor released its claims against the State with respect to the flow of West Canada Creek at Hinckley Reservoir. Pursuant to a 1958 agreement (1958 Agreement), Erie's predecessor also released plaintiff's predecessors from their prior obligation to provide flow compensation. Contrary to the contention of Erie on its appeal, the 1958 Agreement expressly preserved plaintiff's right to divert water at Hinckley Reservoir. "[T]he right to divert and use the water . . . is a claim to an estate or interest in real property" (*Niagara Falls Power Co. v White*, 292 NY 472, 480 [1944]), and the 1958 Agreement provides that Erie's predecessor shall not modify, rescind, cancel or annul such interest.

The court also properly concluded that Erie has no right, as a third-party beneficiary, to enforce the reservoir or compensating flow requirements of the 1917 Agreement. That agreement expressly negates enforcement by third parties (*see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357-1358 [2008], *lv denied* 11 NY3d 706 [2008]) and, in any event, Erie is no more than an incidental beneficiary of that agreement (*see Alicea v City of New York*, 145 AD2d 315, 317 [1988]). In addition, Erie's counterclaim alleging that plaintiff tortiously interfered with the 1921 Agreement is time-barred (*see Bib Constr. Co. v City of Poughkeepsie*, 273 AD2d 186 [2000]) and, in any event, it lacks merit (*see generally Costanza Constr. Corp. v City of Rochester*, 135 AD2d 1111 [1987]).

We conclude, however, that the court erred in granting those parts of plaintiff's cross motion seeking summary judgment dismissing the first counterclaim of the State and the Canal Corporation (collectively, State defendants), alleging that plaintiff breached the 1917 Agreement, and seeking partial sum-

mary judgment on the 4th and 11th causes of action, alleging that the State defendants are barred by the equitable doctrines of estoppel, waiver "and/or" laches from enforcing the flow compensation and reservoir provisions of the 1917 Agreement, "to the extent that plaintiff is entitled to a declaration that it has the right to divert at the Hinckley Reservoir water flow at a rate not to exceed 35 [c.f.s.]." We therefore modify the order accordingly. The record contains conflicting evidence whether plaintiff's obligations under those provisions were ever triggered by low flow conditions in West Canada Creek above Hinckley Reservoir. Given that conflicting evidence, we conclude that there are triable issues of fact whether the State defendants intended to relinquish their rights under those provisions (*see Infotech Mgt. v Morse*, 150 AD2d 638, 639-640 [1989]), whether the State defendants should be equitably estopped from enforcing those provisions (*see Cadlerock, L.L.C. v Renner*, 72 AD3d 454 [2010]), and whether the delay of the State defendants in asserting their rights under the 1917 Agreement prejudiced plaintiff such that they are precluded by laches from asserting such rights (*see Trahan v Galea*, 48 AD3d 791 [2008]). Further, even assuming that those equitable doctrines are applicable here, we agree with the respective contentions of plaintiff on its cross appeal and the State defendants on their appeal that the record does not support the court's determination that plaintiff is entitled to a declaration that it has the right to divert water at a rate not to exceed 35 cubic feet per second. We therefore vacate the court's declaration. Based on its erroneous determination that plaintiff was entitled to summary judgment on the 4th and 11th causes of action in part, the court sua sponte dismissed, inter alia, the 6th, 7th, 13th and 14th causes of action against the State defendants "as moot." Thus, we conclude that the 6th, 7th, 13th and 14th causes of action must be reinstated, and we note that plaintiff has abandoned any issues with respect to the dismissal of the remaining causes of action as moot (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We therefore further modify the order accordingly.

Finally, we note that neither plaintiff on its cross appeal nor the State defendants on their appeal have raised any specific challenges to the remainder of the order and judgment, and they therefore are deemed to have abandoned any such challenges (*see Ciesinski*, 202 AD2d 984 [1994]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.