Hellman v Village of Upper Nyack

2026 NY Slip Op 02107

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Howard N. Hellman, appellant,

v

Village of Upper Nyack, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2020-08110, (Index No. 34121/18)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Condon Catina & Mara, PLLC (Joshua Annenberg, New York, NY, of counsel), for appellant.

Silverman & Associates, White Plains, NY (Lewis R. Silverman and Deanna L. Collins of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated October 8, 2020. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint, and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In May 2017, the plaintiff entered into a contract to purchase certain real property located in Upper Nyack (hereinafter the contract of sale). The plaintiff alleges that the defendant, the Village of Upper Nyack, induced the seller to breach the contract of sale by offering to purchase the property at a higher price and that the seller breached the contract of sale by failing to close at a time-of-the-essence closing scheduled for October 31, 2017. On or about November 2, 2017, the plaintiff commenced an action against the seller, alleging that the seller had breached the contract of sale by failing to close on October 31, 2017. That action settled and was discontinued pursuant to a stipulation of discontinuance dated February 28, 2018.

The plaintiff served a notice of claim dated April 18, 2018, on the Village, alleging that it had tortiously interfered with the contract of sale. The plaintiff subsequently commenced this action against the Village, inter alia, to recover damages for tortious interference with contract. The Village moved for summary judgment dismissing the complaint on the ground, among other things, that the notice of claim was not timely served. The plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court, among other things, granted the Village's motion and denied that branch of the plaintiff's motion. The plaintiff appeals.

Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Matter of DeGarmo v City of New York, 237 AD3d 1092, 1093). With respect to a cause of action alleging tortious interference with contract, "accrual occurs when the claim becomes enforceable, i.e., when [*2]all elements of the tort can be truthfully alleged in a complaint" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). Here, under the plaintiff's allegations, all elements of the tort could be truthfully alleged on October 31, 2017, when the seller breached the contract of sale by failing to close on the time-of-the-essence closing date and the plaintiff sustained damages due to the Village's tortious conduct (see id.; Spinap Corp. v Cafagno, 302 AD2d 588, 588; Bib Constr. Co. v City of Poughkeepsie, 273 AD2d 186, 187). Contrary to the plaintiff's contention, the cause of action alleging tortious interference with contract did not accrue several months later, on February 28, 2018, when the action he brought against the seller was discontinued (see Kronos, Inc. v AVX Corp., 81 NY2d at 94). Thus, the notice of claim dated April 18, 2018, was untimely, since it was served more than 90 days after the claim arose (see General Municipal Law § 50-e[1][a]).

Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability (see McErlean v City of Long Beach, 230 AD3d 670, 670-671).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court