■ JAMES J. FORSYTHE, III, Respondent, v TOWN OF TUXEDO et al., Appellants. [632 NYS2d 638] —In an action to recover damages, *inter alia,* for false arrest and malicious prosecution, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Barone, J.), dated May 5, 1994, as denied, in part, the defendants' motion to dismiss stated portions of the complaint and granted the plaintiff's cross application to amend his notice of claim.

Ordered that the order is modified, on the law, by deleting the provisions thereof that denied the branch of the defendants' motion which was to dismiss so much of the complaint as is based on events that allegedly occurred on March 2, 1992, and that granted the plaintiff's cross application to amend his notice of claim and substituting therefor provisions denying the plaintiff's cross application and granting the branch of the defendants' motion which was to dismiss so much of the complaint as is based on events that allegedly occurred on March 2, 1992; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges that on March 2, 1992, and March 7, 1992, the defendant police officers unlawfully arrested, ha-

rassed, and assaulted him. The plaintiff's notice of claim, which was filed on June 2, 1992, includes only the events that allegedly occurred on March 7, 1992. The complaint, however, which was served on or about May 27, 1993, seeks to recover damages based on the events that allegedly occurred on both dates.

The defendants moved to dismiss stated portions of the complaint, *inter alia,* on the ground that the plaintiff had failed to serve a timely notice of claim with regard to the events of March 2, 1992. The Supreme Court granted the motion only to the extent of dismissing the cause of action to recover punitive damages against the municipal defendants and granted the plaintiff leave to amend his notice of claim.

We conclude that the Supreme Court erred by denying the branch of the defendants' motion which was to dismiss so much of the complaint as is based on events that allegedly occurred on March 2, 1992, and by allowing the plaintiff to amend his notice of claim to include those alleged events. Recovery based on the alleged events of March 2, 1992, is time barred *(see,* General Municipal Law § 50-e [5]), and General Municipal Law § 50-e (6) does not permit amendments to the notice of claim that are of a substantive nature *(see, e.g., Demorcy v City of New York,* 137 AD2d 650, 651).

We have considered the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.