■ GERARD MONDERT, Appellant-Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant. [638 NYS2d 480] —In a negligence action to recover damages for personal injuries, the plaintiff appeals on the ground of inadequacy, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (G. Aronin, J., on liability; Greenstein, J., on damages), dated July 7, 1993, as, upon a jury verdict finding him 50% at fault in the happening of the accident and finding that he had suffered damages for pain and suffering in the amount of $400,000, is in his favor on the issue of pain and suffering in the principal amount of only $200,000, and the defendant cross-appeals from the same judgment which was in favor of the plaintiff and against it in the principal sum of $324,224.50.

Ordered that the judgment is reversed, on the law, with costs to the defendant, and the complaint is dismissed.

On December 18, 1989, the plaintiff fell onto a subway track and his left leg was severed by an oncoming train. In his notice of claim (which was served eight days later), in all of his plead-

ings, and at the hearing that was held pursuant to General Municipal Law § 50-h, the plaintiff contended that the accident had been caused by the negligence of the defendant's motorman in his operation of the train and that the train had been traveling at an excessive rate of speed. However, at his deposition, which was conducted more than 18 months later, the plaintiff, for the first time, identified as the cause of his fall the wood that runs along the edge of the platform which is commonly known as the running board. In July of 1992, approximately two months before trial, the plaintiff's expert took pictures of the site of the accident and the running board.

Prior to the commencement of the liability portion of the trial, the defendant sought to limit the evidence to a consideration of the motorman's alleged negligent operation of the train. This application, however, was denied by the court. Consequently, the plaintiff proceeded under two alternate theories of liability: (1) that the defendant's motorman had negligently operated the train and (2) that the defendant had negligently maintained the subway platform. At the conclusion of the liability portion of the trial, the jury found for the defendant on the first theory of liability. With respect to the second theory of liability, the jury found that the defendant was 50% at fault in the happening of the accident. A trial on the issue of damages was then held, and the plaintiff was awarded damages, *inter alia*, for past and future pain and suffering. We reverse and dismiss the complaint.

The plaintiff may not for the first time enunciate the manner in which his claim arose some two and a half years after his accident when the defendant is unable to conduct a timely and meaningful investigation of the merits of his claim *(see, Moore v New York City Tr. Auth.,* 189 AD2d 862, 863; *see also,* General Municipal Law § 50-e [2], [3]; *O'Brien v City of Syracuse,* 54 NY2d 353, 358). Indeed, before the plaintiff's deposition, which was conducted more than 18 months after the accident, the defendant was unaware that the plaintiff was claiming that he had fallen onto the tracks because he had slipped on a portion of the running board. In a case of this sort, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. 'What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the "claim" ' " *(Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958, quoting *Thomann v City of Rochester,* 256 NY 165, 172). The defendant in this case did an extensive investigation, but nothing alerted it to an allegedly defective running board, and the defendant is preju-

diced because it cannot demonstrate so many years after the accident the absence of a defect in its running board *(see, Moore v New York City Tr. Auth., supra).* Further, the jury's determination in favor of the defendant on the theory that the motorman had negligently operated the train is supported by a fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Thus, dismissal of the complaint is appropriate.

In light of our determination, we need not reach the remaining issues on appeal. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.