◼ DIANE CARTER et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. (Action No. 1.) SHARON SIMS, Plaintiff, v ANTONIO CASANOVA, Defendant. (Action No. 2.) SHARON SIMS, Appellant, v CITY OF NEW YORK, Respondent. (Action No. 3.) [832 NYS2d 630]—

In related actions to recover damages for personal injuries

and wrongful death, (1) the plaintiffs in action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 16, 2004, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint in action No. 1 insofar as asserted against it and denied those branches of their cross motion which were for summary judgment on the complaint and for leave to serve an amended notice of claim and, in effect, for leave to serve a late notice of claim, and (2) the plaintiff in action No. 3 appeals from an order of the same court dated May 6, 2005, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint in action No. 3 and denied her cross motion for leave to amend her notice of claim and, in effect, for leave to serve a late notice of claim.

Ordered that the order dated December 16, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 6, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court properly denied the cross motion of the plaintiff in action No. 3 for leave to serve an amended notice of claim, and that branch of the cross motion of the plaintiffs in action No. 1 which was for leave to serve an amended notice of claim.

The defendant City of New York satisfied its burden of establishing that the notices of claim of the plaintiffs in action Nos. 1 and 3 (hereinafter the plaintiffs) were insufficient to comply with the requirements of General Municipal Law § 50-e (2), in that they failed to give notice of the plaintiffs' contentions that the City negligently shut off the public water connection to the sprinkler system for their apartment building during the installation of a new water main in 1993, thus permitting a fire to spread unchecked throughout their building (*see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Ingle v New York City Tr. Auth.*, 7 AD3d 574 [2004]; *Cyprien v New York City Tr. Auth.*, 243 AD2d 673 [1997]; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691, 692 [1992]; *cf. Brown v City of New York*, 95 NY2d 389, 393-394 [2000]; *Schwartz v City of New York*, 250 NY 332, 335 [1929]). The new theory of recovery contained in the plaintiffs' proposed amended notices of claim, if interposed, would have substantially altered the nature of their claims. Amendments of a substantive nature are not within the purview of General Municipal Law § 50-e (6) (*see Richard v Town of Oyster Bay*, 300 AD2d 561 [2002]; *White v New York City Hous. Auth.*, 288 AD2d 150 [2001]).

The Supreme Court also properly denied the plaintiffs' requests, in effect, for leave to serve late notices of claim. An application to extend the time within which to serve a notice of claim may be made before or after commencement of an action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled (*see* General Municipal Law § 50-e [5]; *Matter of Schmidt v Board of Coop. Educ. Servs. of Nassau County*, 253 AD2d 433, 434 [1998]; *see also Pierson v City of New York*, 56 NY2d 950 [1982]). The statute of limitations and the time within which to seek leave to file a late notice of claim may be tolled by infancy (*see Perry v City of New York*, 238 AD2d 326, 327 [1997]; *see also Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256 [1980]). Here, however, the record is devoid of any factual basis upon which to examine the applicability of the infancy toll. Thus, the cross motion of the plaintiff in action No. 3, and that branch of the cross motion of the plaintiffs in action No. 1 which were, in effect, for leave to serve a late notice of claim were properly denied.

In light of the foregoing, we need not address the plaintiffs' remaining contentions. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur. [*See* 6 Misc 3d 1007(A), 2004 NY Slip Op 51726(U) (2004).]