■ ELLA SHAVULSKAYA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [835 NYS2d 904]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated March 15, 2006, which denied its motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e (2).

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e (2) is granted.

The plaintiff's notice of claim did not substantially comply with the requirements of General Municipal Law § 50-e (2), in that it failed to set forth "the nature of the claim" and "the manner in which the claim arose" (General Municipal Law § 50-e [2]). Moreover, the notice of claim set forth theories of liability which are substantially different from the theories advanced at the plaintiff's General Municipal Law § 50-h hearing and in her complaint and bill of particulars. "Amendments of a substantive nature are not within the purview of General Municipal Law § 50-e (6)" (*Carter v City of New York*, 38 AD3d 702, 703 [2007]). Under the circumstances, the court should have granted the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e (2). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.