█ In the Matter of JOHN CESELKA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [957 NYS2d 210]—

On July 4, 2010, the petitioners' home was severely damaged in a fire. Thereafter, the petitioners served a timely notice of claim on the City of New York alleging that after 911 calls were made in response to the fire, the City and the Fire Department of the City of New York (hereinafter together the appellants) "failed to properly process these calls for help, responded to the wrong address, failed to timely respond, failed to inspect the premises upon arrival, and failed to extinguish or control the fire in a timely and appropriate manner." Later, after their time to file a timely notice of claim had long since expired, the petitioners commenced this proceeding seeking leave to serve a

late notice of claim alleging that the appellants had negligently failed to maintain the fire hydrant in front of the petitioners' home. The Supreme Court granted the petition.

The petitioners were required to serve a timely notice of claim within 90 days after the occurrence (*see* General Municipal Law § 50-e [1]). The petitioners' timely notice of claim alerted the appellants to claims regarding deficiencies in their response to the fire on the date of the fire itself; it did not notify them of deficiencies in its maintenance of the hydrant (*see Carter v City of New York*, 38 AD3d 702, 703 [2007]). Consequently, amendment of the initial, timely notice of claim was not permissible (*see* General Municipal Law § 50-e [6]; *Carter v City of New York*, 38 AD3d at 703). Under General Municipal Law § 50-e (5), however, a court may in its discretion permit service of a late notice of claim. That statute delineates several of the circumstances the court "shall" consider, the most important of which, as we observed in *Matter of Felice v Eastport/South Manor Cent. School Dist.* (50 AD3d 138, 147 [2008]), is "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the [90-day time limit] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). The court shall also consider "all other relevant facts and circumstances" (*id.*), including whether the petitioner had a reasonable excuse for failing to serve a timely notice of claim and whether the petitioner has demonstrated that that failure did not substantially prejudice the municipal corporation in maintaining its defense on the merits (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 150, 152).

As we held in *Matter of Felice v Eastport/South Manor Cent. School Dist.*, "[i]n order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*id.* at 148). Here, the petitioners failed to demonstrate that the appellants had the requisite knowledge of their alleged deficiencies in the maintenance of the fire hydrant; the allegations regarding the appellants' alleged deficiencies in responding on the date of the fire did not suffice (*see id.* at 149-150; *cf. Carter v City of New York*, 38 AD3d at 703). Furthermore, the petitioners failed to demonstrate a reasonable excuse for failing to serve a timely notice of claim pertaining to their allegation of negligence with respect to the appellants' maintenance of the fire hydrant (*see Matter of*

*Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]). Finally, the petitioners failed to demonstrate that their delay in timely asserting their claim pertaining to the fire hydrant would not substantially prejudice the appellants in maintaining their defense on the merits (*see Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 889 [2011]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152).

Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition to serve a late notice of claim.

In light of our determination, we need not address the appellants' remaining contention. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.