SECOND DEPARTMENT, JULY, 2014

(July 2, 2014)

■ RIAZ AHMED, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants. [989 NYS2d 105]—

In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Pfau, J.), dated December 14, 2012, which denied its motion to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was inadequate, and granted the plaintiff's cross motion for leave to serve and file an amended notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant New York City Housing Authority to dismiss the complaint insofar as asserted against it is granted, and the plaintiff's cross motion for leave to serve and file an amended notice of claim is denied.

On or about September 22, 2011, the plaintiff served and filed a notice of claim alleging that, on July 25, 2011, he sustained injuries as a result of tripping and falling due to a sidewalk defect adjacent to property owned by the defendant New York City Housing Authority (hereinafter the Housing Authority). In November 2012, in response to the defendant's motion to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was inadequate, the plaintiff cross-moved for leave to serve and file an amended notice of claim. The proposed amendments to the notice of claim included allegations that the plaintiff was injured when, as an employee of a contractor, he was working at the Housing Authority's property and fell after he climbed a ladder to go over a fence. He also interposed additional causes of action pursuant to the Labor Law.

In the order appealed from, the Supreme Court denied the Housing Authority's motion to dismiss the complaint insofar as asserted against it and granted the plaintiff's cross motion for leave to serve and file an amended notice of claim. We reverse.

Amendments to notices of claim are appropriate only to correct good faith and nonprejudicial "technical mistakes, defects or omissions, not substantive changes in the theory of liability" (*Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]; *see White v New York City Hous. Auth.*, 288 AD2d 150 [2001]). Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to serve and file an amended notice of claim. The proposed amendments to the notice of claim included substantive changes to the facts, adding that the plaintiff was injured

after he climbed a ladder to go over a fence, changing the situs of the accident, and identifying the plaintiff as a worker at the site. The proposed amendments to the notice of claim also added a theory of liability under the Labor Law. Such changes are not technical in nature and are not permitted as late-filed amendments to a notice of claim under General Municipal Law § 50-e (6) (*see Carter v City of New York*, 38 AD3d 702, 703 [2007]; *Harrington v City of New York*, 6 AD3d 662, 662-663 [2004]; *Demorcy v City of New York*, 137 AD2d 650, 651 [1988]). Granting leave to serve and file the proposed amended notice of claim would prejudice the Housing Authority by depriving it of the opportunity to promptly and meaningfully investigate the claim (*see Canelos v City of New York*, 37 AD3d 637 [2007]).

Moreover, the Supreme Court should have granted the Housing Authority's motion to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was inadequate. A notice of claim must provide timely notice of the essential facts and legal theories supporting the claims alleged in the complaint (*see Ortiz v New York City Hous. Auth.*, 201 AD2d 547, 548 [1994]; *Mojica v New York City Tr. Auth.*, 117 AD2d 722, 723 [1986]). The test of the sufficiency of a notice of claim is whether it includes enough information to enable the defendant to promptly investigate the allegations at issue (*see Canelos v City of New York*, 37 AD3d 637 [2007]). The plaintiff's original notice of claim did not sufficiently apprise the Housing Authority of the relevant facts or legal theories supporting the plaintiff's claims to enable the Housing Authority to promptly and adequately investigate the allegations at issue in the complaint, resulting in prejudice to the Housing Department (*see Canelos v City of New York*, 37 AD3d 637 [2007]; *Mondert v New York City Tr. Auth.*, 224 AD2d 500, 501-502 [1996]; *Ortiz v New York City Hous. Auth.*, 201 AD2d 547, 548 [1994]). Accordingly, the complaint must be dismissed insofar as asserted against the Housing Authority.

The plaintiff's remaining contentions are without merit. Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.