■ In the Matter of ARMANDO LOPEZ, as Proposed Guardian Ad Litem for ANTONIO LOPEZ, Respondent, v COUNTY OF NASSAU, Appellant. [990 NYS2d 886]—

In a proceeding, inter alia, pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodward, J.), entered October 5, 2012, as granted that branch of the petition which was for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served on behalf of the claimant Antonio Lopez.

Ordered that the order is affirmed insofar as appealed from, with costs.

The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571, 571-572 [2008]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]). Among the factors to be considered on an application for leave to serve a late notice of claim are whether the claimant is "physically incapacitated," whether the movant has demonstrated a reasonable excuse for failing to timely serve a notice of claim, whether the municipality "acquired actual knowledge of the essential facts constituting the claim" within 90 days after the claim "arose or a reasonable time thereafter," and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (General Municipal Law § 50-e [5]; *see Claud v West Babylon Union Free Sch. Dist.*, 110 AD3d 663 [2013]; *Matter of Ceselka v City of New York*, 101 AD3d 994, 995 [2012]; *Williams v Nassau County Med. Ctr.*, 13 AD3d 363, 364 [2004], *affd* 6 NY3d 531 [2006]). Neither the presence nor the absence of any one factor is determinative (*see Matter of*

*Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]).

In this case, the extremely serious and incapacitating injuries that the claimant suffered in the underlying car accident reasonably excused the minimal delay in seeking leave to serve a late notice of claim against the County of Nassau (*see* General Municipal Law § 50-e [5]; *Matter of Savelli v City of New York*, 104 AD2d 943, 944 [1984]). The record further demonstrates that the County acquired actual knowledge of the facts underlying the claim within the 90-day statutory period or within a reasonable time thereafter (*see Morano v County of Dutchess*, 160 AD2d 690, 692 [1990]; *Fahey v County of Nassau*, 111 AD2d 214, 217 [1985]). Finally, under the circumstances of this case, the County was not prejudiced by the delay in serving the notice of claim (*see Matter of Mounsey v City of New York*, 68 AD3d 998, 999-1000 [2009]; *Matter of Cox v City of Peekskill*, 297 AD2d 735, 736 [2002]; *Rosenblatt v City of New York*, 160 AD2d 927, 928 [1990]; *see also McBee v County of Onondaga*, 34 AD3d 1360 [2006]).

The County's remaining contention is without merit.

Accordingly, the Supreme Court did not improvidently exercise its discretion in granting that branch of the petitioner's motion which was for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.