JAMES PRIANT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [5 NYS3d 473]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated January 17, 2014, which granted the plaintiff's motion for leave to serve a late or amended notice of claim.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for leave to serve a late or amended notice of claim is denied.

On June 27, 2013, the plaintiff served a notice of claim in which he stated that on April 6, 2013, while riding the subway, he was assaulted and robbed by three men. He stated that when the subway stopped at a station, he "rushed onto the platform, still being chased by the muggers, and out of the station to the street where in a state of semi-consciousness he walked into the street and was struck by a motor vehicle." On October 7, 2013, the plaintiff filed a motion for leave to serve a late or amended notice of claim. The proposed amendments to the notice of claim alleged that, after the plaintiff ran from the subway station, he boarded a bus owned by the defendant New York City Transit Authority (hereinafter the Transit Authority) in a bloody, dazed, disoriented, and confused condition, and that after exiting the bus he wandered into the street where he was struck by a car. He claimed that the operator of the bus was negligent in, inter alia, allowing him to exit the bus.

That branch of the plaintiff's motion which was for leave to serve an amended notice of claim should have been denied. A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim (*see* General Mu-

nicipal Law § 50-e [6]; *Ahmed v New York City Hous. Auth.*, 119 AD3d 494, 495 [2014]; *Tully v City of Glen Cove*, 102 AD3d 670, 671 [2013]; *Semprini v Village of Southampton*, 48 AD3d 543, 545 [2008]; *Gordon v City of New York*, 79 AD2d 981, 981 [1981]). The proposed amendments to the notice of claim added events that were not described in the original notice of claim and asserted a new claim relating to the operator of the bus (*see Moore v Melesky*, 14 AD3d 757, 759 [2005]; *Zwecker v Clinch*, 279 AD2d 572, 574 [2001]; *Forsythe v Town of Tuxedo*, 220 AD2d 640, 641 [1995]). Such amendments are not technical in nature and are not permitted as late-filed amendments to a notice of claim under General Municipal Law § 50-e (6) (*see Ahmed v New York City Hous. Auth.*, 119 AD3d at 496).

In addition, that branch of the plaintiff's motion which was for leave to serve a late notice of claim should have been denied. Among the factors to be considered in determining whether to extend the time to serve a notice of claim are (1), in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or a reasonable time thereafter, (2) whether the claimant demonstrated a reasonable excuse for the delay in serving the notice of claim, (3) whether the claimant was an infant, or mentally or physically incapacitated, and (4) whether the delay substantially prejudiced the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Peterson v New York City Dept. of Envtl. Protection*, 66 AD3d 1027, 1029 [2009]; *Matter of Martinez v West Hempstead School Dist.*, 24 AD3d 557 [2005]).

The plaintiff failed to submit evidence establishing that the Transit Authority had actual knowledge of the new facts within 90 days of the incident or a reasonable time thereafter. Neither the police accident report nor the transcript of the plaintiff's testimony at a statutory hearing provided actual knowledge of the facts constituting the plaintiff's new claim that he was injured as a result of the bus operator's negligence in, inter alia, permitting him to exit the bus (*see Kuterman v City of New York*, 121 AD3d 646, 647 [2014]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]). Furthermore, the plaintiff failed to rebut the Transit Authority's assertion that the overall 6-month delay in moving for leave to serve a late notice of claim deprived it of the opportunity to find witnesses promptly or otherwise conduct a timely and meaningful investigation in this matter (*see Kuterman v City of New York*, 121 AD3d at 647; *Matter of Lewis v*

*East Ramapo Cent. Sch. Dist.*, 110 AD3d 720, 722 [2013]; *Matter of White v New York City Hous. Auth.*, 38 AD3d 675, 676 [2007]).

We have not considered the hearsay evidence which was improperly submitted by the plaintiff for the first time in his reply to the opposition to his motion (*see Matter of Keyes v City of New York*, 89 AD3d 1086, 1087 [2011]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526-527 [2008]; *GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]). Balkin, J.P., Leventhal, Dickerson and Miller, JJ., concur.