In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals, as limited by its brief, from so much an order of the Supreme Court, Kings County (Baynes, J.), dated October 15, 2014, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff slipped and fell on snow/ice insofar as asserted against it, and as granted the plaintiff’s cross motion for leave to amend his notice of claim to add an allegation that he slipped and fell on snow/ice.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant New York City Housing Authority which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff slipped and fell on snow/ice insofar as asserted against it is granted, and the plaintiff’s cross motion for leave to amend the notice of claim is denied.
On January 21, 2013, the plaintiff allegedly was injured when he fell on a sidewalk adjacent to property owned by the defendant New York City Housing Authority (hereinafter NYCHA). On March 27, 2012, the plaintiff filed a notice of claim with NYCHA stating, inter alia, that his fall resulted from a sidewalk defect which was a “broken, jagged, uneven, depressed and in a trap-like condition.” The plaintiff filed the summons and complaint in the Supreme Court, Kings County, on April 19, 2013, but NYCHA didn’t receive the summons and complaint until April 26, 2013. The complaint alleged that the sidewalk was in the defective condition set forth in the notice of claim, that the sidewalk was “slippery and slick with an accumulation of ice and frozen water” at the time of the accident, and that the NYCHA was liable due to negligent snow/ice removal.
In August 2013, the plaintiff appeared for a statutory hearing pursuant to General Municipal Law § 50-h. The hearing had been previously adjourned a number of times at the plaintiff’s request. At the hearing, the plaintiff testified that the accident happened when he “slipped on ice.” Thereafter, NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the plaintiff could not assert a new claim more than one *1094 year and 90 days after the accident took place. The plaintiff opposed the motion, and by notice of cross motion dated May 13, 2014, cross-moved to amend his notice of claim to add the snow/ ice allegation. The Supreme Court denied NYCHA’s motion and granted the plaintiff’s cross motion. We reverse insofar as appealed from.
“Amendments to notices of claim are appropriate only to correct good faith and nonprejudicial ‘technical mistakes, defects or omissions, not substantive changes in the theory of liability’ ” (Ahmed v New York City Hous. Auth., 119 AD3d 494, 495 [2014], quoting Mahase v Manhattan & Bronx Surface Tr. Operating Auth., 3 AD3d 410, 411 [2004]; see White v New York City Hous. Auth., 288 AD2d 150 [2001]). Here, the proposed amendments to the notice of claim included a substantive change to the facts and added a new theory of liability. “Such changes are not technical in nature and are not permitted as late-filed amendments to a notice of claim under General Municipal Law § 50-e (6)” (Ahmed v New York City Hous. Auth., 119 AD3d at 496; see Carter v City of New York, 38 AD3d 702, 703 [2007]; Harrington v City of New York, 6 AD3d 662, 662-663 [2004]). Moreover, under the circumstances of this case, the granting of leave to serve and file the proposed amended notice of claim prejudiced NYCHA by depriving it of the opportunity to promptly and meaningfully investigate the claim (see Canelos v City of New York, 37 AD3d 637 [2007]; cf. Robles v New York City Hous. Auth., 23 NY3d 982 [2014]).
Nor would it have been proper to grant the plaintiff’s cross motion on the basis that it was, in effect, for leave to serve and file a late notice of claim. The plaintiff’s motion was not made until May 13, 2014, or almost two years and four months after the happening of the accident on January 21, 2012. The plaintiff’s failure to petition for leave to serve a late notice of claim within one year and 90 days of the date that his claim accrued deprived the Supreme Court of authority to permit late service of a notice of claim (see Pierson v City of New York, 56 NY2d 950, 954-956 [1982]; Attallah v Nassau Univ. Med. Ctr., 131 AD3d 609, 609 [2015]; McShane v Town of Hempstead, 66 AD3d 652, 653 [2009]; Small v New York City Tr. Auth., 14 AD3d 690, 691 [2005]).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff leave to amend his notice of claim to allege that his accident was caused by snow/ice and NYCHA’s negligent removal thereof. Furthermore, since the timely assertion of such a claim is a condition precedent to a cause of action against NYCHA in this regard, NYCHA was *1095 entitled to summary judgment dismissing so much of the complaint as alleged that the plaintiffs injuries resulted from a slip and fall on snow/ice (see Attallah v Nassau Univ. Med. Ctr., 131 AD3d at 609).
Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.