■ MARLON CASTILLO, Appellant, v KINGS COUNTY HOSPITAL CENTER et al., Respondents. [52 NYS3d 451]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Weston, J.), dated June 17, 2015, as denied those branches of his motion which were pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim and pursuant to CPLR 3025 (b) for leave to amend the complaint,

in effect, to specify an amount of damages in the ad damnum clause.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 26, 2013, the plaintiff underwent a surgical procedure at the defendant New York City Health and Hospitals Corporation (hereinafter HHC) to remove a bony mass from his left hip. On October 17, 2013, the plaintiff served a notice of claim on HHC alleging that his urethra was injured due to the negligent insertion of a Foley catheter. On November 21, 2014, the plaintiff moved, inter alia, pursuant to General Municipal Law § 50-e (6) for leave to amend his notice of claim to allege that, during the operative procedure, the defendants caused injury to his left superficial femoral cutaneous nerve, and pursuant to CPLR 3025 (b), for leave to amend the complaint, in effect, to specify an amount of damages in the ad damnum clause.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the notice of claim. A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability (see Robinson v City of New York, 138 AD3d 1093, 1094 [2016]; Priant v New York City Tr. Auth., 126 AD3d 774 [2015]; Ahmed v New York City Hous. Auth., 119 AD3d 494, 495 [2014]; Gordon v City of New York, 79 AD2d 981, 981 [1981]). Here, the proposed amendments to the notice of claim asserted a new injury and added a new theory of liability (see Robinson v City of New York, 138 AD3d at 1094; Priant v New York City Tr. Auth., 126 AD3d at 775; Olivera v City of New York, 270 AD2d 5, 6 [2000]; Johnson v County of Suffolk, 238 AD2d 480 [1997]). These amendments were not technical in nature and are not permitted as late-filed amendments to a notice of claim under General Municipal Law § 50-e (6) (see Robinson v City of New York, 138 AD3d at 1094; Priant v New York City Tr. Auth., 126 AD3d at 775).

The Supreme Court also properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint, in effect, to specify an amount of damages in the ad damnum clause. A pleading asserting a claim for medical malpractice must contain a prayer for general relief, but shall not state a specific dollar demand in the ad damnum clause (see CPLR 3017 [c]; Braun v Ahmed, 127 AD2d 418, 426 [1987]; Vargas v Rosal-Arcillas, 108 Misc 2d 881, 884 [1981]).

The plaintiff's remaining contention, which is based on new factual allegations, is improperly raised for the first time on appeal and, therefore, is not properly before this Court (*see Salcedo v Demon Trucking, Inc.*, 146 AD3d 839 [2017]; *PennyMac Corp. v Chavez*, 144 AD3d 1006 [2016]; *Tokio Mar. & Fire Ins. Co. v Abdor-Florida, Inc.*, 35 AD3d 724 [2006]). Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.