BG Natl. Plumbing & Heating, Inc. v New York City Sch. Constr. Auth. (2021 NY Slip Op 03435)





BG Natl. Plumbing & Heating, Inc. v New York City Sch. Constr. Auth.


2021 NY Slip Op 03435


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-03444
 (Index No. 706681/14)

[*1]BG National Plumbing & Heating, Inc., appellant
v
New York City School Construction Authority, respondent.


Mark L. Cortegiano, Middle Village, NY (Derek Piersiak and Diana J. Demirdjan of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Barbara Graves-Poller of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered February 21, 2019. The order granted the defendant's motion to dismiss the complaint and denied the plaintiff's cross motion for leave to amend the notice of claim and the complaint.
ORDERED that the order is affirmed, with costs.
In May 2012, the plaintiff was the successful bidder on a project to perform accessibility and electrical upgrades for the defendant. Pursuant to the subject bid and contract agreement, the plaintiff was to substantially complete the work on the project on or before "730 continuous calendar days," commencing from the "Notice to Proceed" date of June 18, 2012. On December 19, 2013, the plaintiff filed a notice of claim (hereinafter the original notice of claim) upon the defendant, alleging that it was entitled to an extension of the substantial completion date of 243 consecutive calendar days because of certain delays and impacts on the project. Notably, the original notice of claim did not include any claim for monetary damages.
In September 2014, the plaintiff commenced the instant action by filing a summons with notice. In October 2017, the plaintiff served a complaint seeking monetary damages in "an amount to be determined at trial but not less than $2,455,740.63 plus statutory interest."
On or about June 1, 2018, the defendant moved to dismiss the complaint, inter alia, on the ground that the notice of claim failed to comply with Public Authorities Law § 1744. On or about July 17, 2018, the plaintiff cross-moved pursuant to General Municipal Law § 50-e for leave to amend the original notice of claim to include damages in the total principal sum of $2,455,740.63 and to claim a net 540 consecutive calendar day extension of the substantial completion date, and pursuant to CPLR 3025 for leave to amend the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
Public Authorities Law § 1744(2) requires the plaintiff to serve a notice of claim upon the defendant within three months after the accrual of such claim (see AMCC Corp. v New York City Sch. Constr. Auth., 154 AD3d 673, 675; Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 [*2]AD3d 933, 935). Under Public Authorities Law § 1744(3), a notice of claim "must set forth in detail . . . (i) the amount of the claim; (ii) a specific and detailed description of the grounds for the claim, relating the dollar amount claimed to the event purportedly giving rise to the claim and indicating how the dollar amount is arrived at; and (iii) the date of the event allegedly underlying the claim." Here, the original notice of claim filed by the plaintiff failed to comply with Public Authorities Law § 1744(3) (see AMCC Corp. v New York City Sch. Constr. Auth., 154 AD3d at 675; see also C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189, 192; Bri-Den Constr. Co., Inc. v New York City Sch. Constr. Auth., 55 AD3d 649).
The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the original notice of claim, inter alia, to include damages in the total principal sum of $2,455,740.63. "A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability" (Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; see Matter of Johnson v County of Suffolk, 167 AD3d 742, 743). Here, the proposed amendments to the original notice of claim were not technical in nature, and thus, are not permitted as late-filed amendments to a notice of claim (see C.D. v Goshen Cent. Sch. Dist., 186 AD3d 1316, 1318; Robinson v City of New York, 138 AD3d 1093, 1094). In addition, the plaintiff failed to explain the inordinate delay in seeking leave to amend the original notice of claim.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., DILLON, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court