Matter of Lesaine v New York City Health & Hosps. Corp. (2021 NY Slip Op 06617)





Matter of Lesaine v New York City Health & Hosps. Corp.


2021 NY Slip Op 06617


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-04928
 (Index No. 521729/19)

[*1]In the Matter of Danielle Lesaine, etc., respondent,
v
New York City Health and Hospitals Corporation, appellant.


Georgia M. Pestana, Corporation Counsel, New York, NY (Jeremy W. Shweder and D. Alan Rosinus, Jr., of counsel), for appellant.
Mitchell D. Kessler, New York, NY, for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(6) for leave to amend a notice of claim nunc pro tunc, New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated February 10, 2020. The order, insofar as appealed from, granted that branch of the petition which was for leave to amend the notice of claim nunc pro tunc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was for leave to amend the notice of claim nunc pro tunc is denied.
On or about September 25, 2018, the petitioner, Danielle Lesaine, as the prospective administrator of the estate of Debra Chavis (hereinafter the decedent), served a notice of claim upon the New York City Health and Hospitals Corporation (hereinafter HHC), alleging that HHC was negligent and committed medical malpractice by failing to properly diagnose the decedent's colon cancer, which metastasized, resulting in her death. According to the notice of claim, "[t]he claim arose on or about July 4, 2018, through and including September 6, 2018, [at] Coney Island Hospital, 2601 Ocean Parkway, Brooklyn, New York 11235."
After a hearing was conducted pursuant to General Municipal Law § 50-h (hereinafter 50-h hearing) on September 17, 2019, the petitioner served an amended notice of claim dated September 24, 2019, expanding the dates of alleged malpractice from January 2, 2014, through September 6, 2018, based on the petitioner's testimony at the hearing that the decedent had stomach pains since 2016, had been diagnosed with paralytic ileus, and had been treated for that condition by a physician affiliated with Coney Island Hospital since approximately 2016. The petitioner thereafter commenced this proceeding, inter alia, for leave to amend the notice of claim nunc pro tunc. The Supreme Court, among other things, granted that branch of the petition. HHC appeals.
The Supreme Court erred in granting that branch of the petition which was for leave to amend the notice of claim nunc pro tunc. "'A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change [*2]the nature of the claim or the theory of liability'" (BG Natl. Plumbing & Heating, Inc. v New York City Sch. Constr. Auth., 195 AD3d 580, 581, quoting Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897). "[W]hile a court has the discretion to permit a plaintiff to serve an amended notice of claim, amendment is permitted only where the error in the original notice of claim was made in good faith, the municipality is not prejudiced, and the amendment does not substantively change the nature of the claim" (Pisano v Metropolitan Transp. Auth., 191 AD3d 907, 908 [citations omitted]). "A court may consider evidence adduced at a 50-h hearing to correct a good faith and nonprejudicial technical mistake, omission, irregularity, or defect in the notice of claim. However, the evidence adduced at the 50-h hearing cannot be used to substantively change the nature of the claim or the theory of liability" (Washington v City of New York, 190 AD3d 1009, 1011 [citations omitted]).
Here, the proposed amendment to the notice of claim was not technical in nature as it included a substantive change to the facts and added a new theory of liability, and therefore, is not permitted as a late-filed amendment to a notice of claim under General Municipal Law § 50-e(6) (see Castillo v Kings County Hosp. Ctr., 149 AD3d at 897; Robinson v City of New York, 138 AD3d 1093, 1094).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court