Macareno v New York City Tr. Auth. (2022 NY Slip Op 03507)





Macareno v New York City Tr. Auth.


2022 NY Slip Op 03507


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2020-03912
 (Index No. 710566/17)

[*1]Felipe Macareno, etc., plaintiff, Dennis Rosales, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendant.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen and D. Allen Zachary of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff Dennis Rosales appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered May 13, 2020. The order denied that plaintiff's motion pursuant to General Municipal Law § 50-e(6) for leave to amend his notice of claim.
ORDERED that the order is affirmed, with costs.
On the evening of March 13, 2017, Dennis Rosales (hereinafter the plaintiff), while walking on the northbound subway platform at the 82nd Street and Roosevelt Avenue subway station in Queens, allegedly slipped and fell from the platform onto the tracks and was struck by an oncoming train. Felipe Macareno was also present on the platform and unsuccessfully attempted to rescue the plaintiff. As a result of the incident, both the plaintiff and Macareno allegedly were seriously injured. On or about April 5, 2017, Macareno served a notice of claim upon the New York City Transit Authority (hereinafter the Transit Authority), alleging, inter alia, that after alerting the ticket booth attendant that a person was on the tracks, he was under the belief that trains entering the subway station would be halted. Thus, he attempted to rescue the person who had fallen onto the tracks, but instead was struck by an oncoming train. The notice of claim further alleged that the Transit Authority was negligent, inter alia, in failing to stop the train from entering the station and that the operator of the train failed to observe speed restrictions upon entering the station and negligently operated the train at a fast and unreasonable rate of speed.
On or about April 24, 2017, the plaintiff served a notice of claim upon the City of New York, the Metropolitan Transportation Authority, and the Transit Authority (hereinafter collectively the City defendants), alleging, inter alia, that he was caused to slip and fall due to a dangerous condition on the subway platform consisting of liquid, garbage and/or debris and that the City defendants were negligent in failing to adequately inspect, clean, and/or maintain the platform and in their ownership and operation of the subway system. The notice of claim further alleged that [*2]an employee of the City defendants failed to take any emergency action after being told by a witness that a person was on the tracks and that they should stop the incoming trains, and that the City defendants were negligent in the hiring, screening, training, and supervision of their employees. On September 11, 2017, the plaintiff testified at a hearing pursuant to General Municipal Law § 50-h.
The plaintiff and Macareno commenced separate actions to recover damages for personal injuries, and those two actions thereafter were consolidated. In May 2019, the plaintiff moved pursuant to General Municipal Law § 50-e(6) for leave to amend his notice of claim to allege, in sum and substance, that the City defendants were negligent in failing to stop the train in time to avoid striking the plaintiff and that the train was operated at an excessive and dangerous rate of speed. The City defendants opposed the motion. In an order entered May 13, 2020, the Supreme Court denied the motion. The plaintiff appeals.
"'A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability'" (BG Natl. Plumbing & Heating, Inc. v New York City Sch. Constr. Auth., 195 AD3d 580, 581, quoting Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; see General Municipal Law § 50-e[6]; Matter of Lesaine v New York City Health & Hosps. Corp., 199 AD3d 1005, 1006). "Amendments of a substantive nature are not within the purview of General Municipal Law § 50-e(6)" (Ryabchenko v New York City Tr. Auth., 174 AD3d 549, 550; Rojas v Hazzard, 171 AD3d 820, 822).
Here, the plaintiff's notice of claim made no allegations either generally, that the train which struck the plaintiff was operated in an unsafe manner or, specifically, that the train was operated at an excessive and dangerous rate of speed (compare Pisano v Metropolitan Transp. Auth., 191 AD3d 907; Ortega v New York City Tr. Auth., 170 AD3d 872). Therefore, the proposed amendment was not technical in nature but included a substantive change to the facts and added a new theory of liability (see Matter of Lesaine v New York City Health & Hosps. Corp., 199 AD3d 1005, 1006-1007; BG Natl. Plumbing & Heating, Inc. v New York City Sch. Constr. Auth., 195 AD3d at 581; Ryabchenko v New York City Tr. Auth., 174 AD3d at 550; Rojas v Hazzard, 171 AD3d at 822).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend his notice of claim.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court