Covert v Westchester County (2024 NY Slip Op 50617(U))

[*1]

Covert v Westchester County

2024 NY Slip Op 50617(U)

Decided on May 23, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2024
Supreme Court, Westchester County

William Covert, Plaintiff,

against
Westchester County, LIBERTY BUS LINES, and HELEN GOODWIN, Defendants.

Index No. 57207/2023

Attorney for Plaintiff: 
Michael L. Tawil, Esq.
Law Office of Michael Tawil, P.C. 
34 South Broadway, Suite 714
White Plains, NY 10601
(914) 281-1618
Attorney for Defendants Westchester County, Liberty Bus Lines and Helen Goodwin:
Andrew J. O'Connor, Esq.
Maroney O'Connor LLP
11 Broadway, Suite 831
New York, NY 10004
(212) 509-2009

William J. Giacomo, J.

Plaintiff William Covert moves for an order pursuant to CPLR § 3025 (b) permitting him to amend the complaint and (2) an order pursuant to General Municipal Law § 50-e (6) granting plaintiff permission to amend his Notice of Claim, or in the alternative, (3) an order pursuant to General Municipal Law § 50-e (5) permitting plaintiff to file a late Notice of Claim asserting a claim for defamation and intentional and negligent infliction of emotional distress:
Papers Considered NYSCEF DOC NO. 31-43; 56-57
1. Notice of Motion/Attorney Affirmation of Michael L. Tawil, Esq./Exhibits A-H
2. Statement of Material Facts/Affirmation of Andrew O'Connor, Esq. in Opposition
3. Reply Affirmation of Arkady Frekhtman, Esq./Counter Statement of Material Facts
FACTUAL AND PROCEDURAL BACKGROUND
Petitioners commenced this action with the filing of a summons and complaint on February 27, 2023 against Westchester County and Liberty Bus Lines (County defendants) and the driver of the bus, Helen Goodwin (Goodwin) (collectively, defendants). The complaint is based upon an incident that occurred on July 14, 2022 where plaintiff was attempting to board the bus and the bus came into contact with him. On or around August 4, 2022, plaintiff received a police report memorializing the accident. Pursuant to the report, Goodwin advised the police department that she "did not open the door because she was not at the bus stop and gestured to William that she is not going to open the door. William began to yell at Helen, calling her a 'stupid bitch', 'fucking bitch' and 'Nigger'."
Plaintiff denies using the racist language.
Plaintiff subsequently filed a notice of claim against the County defendants. Attached to the motion is the notice of claim dated October 11, 2022, which alleges that plaintiff sustained personal injuries due to the defendants' negligence. In sum and substance, the notice of claim sets forth that plaintiff was allegedly injured when he attempted to board the bus and the bus came into contact with him, causing injuries to his right arm. Plaintiff subsequently testified at a General Municipal Law 50-h hearing on January 16, 2023 and filed his complaint shortly thereafter. 
The complaint sets forth three causes of action. The first cause of action, negligence, is alleged against all defendants. The second cause of action, negligent hiring and retention, is alleged against the County defendants. Plaintiff alleges that the County defendants negligently hired Goodwin, despite knowing that she was negligent in the performance of her duties as a bus driver and rude to bus passengers. The third cause of action, defamation, libel and slander, is alleged against Goodwin. Plaintiff claims that Goodwin gave sworn statements to the Eastchester Police Department that she knew were false. These statements, which alleged that plaintiff had made racist comments, were put in writing and made public in the Town of Eastchester Police Accident Report. Plaintiff alleges that, as a result of Goodwin's defamatory conduct, he has been caused to suffer emotional distress, among other damages. 
Notice of Claim
Plaintiff now seeks to amend his notice of claim, or serve a late notice of claim, adding claims against the County defendants for defamation and intentional and negligent infliction of emotional distress. The proposed amended notice of claim states the following, in relevant part:
"William J. Covert was defamed by the actions of the Defendants, their agents, servants, employees and/or licensees in that the agents, servants, employees and/or licensees of the Defendant claimed that Claimant used racist language before attempting to board the bus, which was not true. Moreover, as a result of these statements, which were both negligent and intentional by the Defendant's agents, servants, employees and/or licensees, Claimant William J. Covert was caused to suffer significant emotional distress including but not limited to suicidal ideations, depression, anxiety, fear and other emotional trauma."
Plaintiff argues that County defendants had knowledge of the facts related to the new claims within the 90 days following the accrual of the claim. According to plaintiff, defendants had actual knowledge of the facts related to the proposed claims because they performed an investigation into the incident shortly after the accident and the video tapes were reviewed. 
Following the incident, plaintiff spoke to Michael Brown (Brown), a customer service representative for the Bee Line Bus, and advised Brown about the facts of the accident and how Goodwin's defamatory statements made him upset. Brown testified that he informed his supervisor about plaintiff's statements and inputted the information into the computer system which reports complaints. As a result, these actions also purportedly provided County defendants with actual knowledge of the defamation claim within 90 days of the occurrence. 
Plaintiff argues that he did not assert a claim for defamation in the initial notice of claim because he had not yet reviewed the video tapes of the incident. After reviewing the tapes, he commenced the action including a claim for defamation against Goodwin. Plaintiff alleges that he became extremely depressed and anxious as a result of being accused of using racist language, even contemplating suicide in September 2022. Counsel argues that he did not include claims for emotional distress on the notice of claim, as he was unaware of the nature of the suffering until approximately October 2, 2023. 
In opposition, defendants argue that they had no actual knowledge of the proposed claims prior to the expiration of the 90-day period permitted by the General Municipal Law. Although plaintiff spoke to Brown after the incident, defendants argue that conversations with a customer service agent do not equate to a County having actual knowledge of an alleged incident. Defendants allege that they only became aware of the defamation claims upon receiving the summons and complaint. Further, defendants claim that plaintiff was aware of the alleged defamation and emotional distress claims and the subsequent emotional damages when he filed the notice of claim in October 2022, but did not include these claims. As a result, defendants allege they will be prejudiced by the filing of a late notice of claim, as they were denied the opportunity to conduct a prompt investigation.
Amend the Complaint
Plaintiff also seeks leave to amend his complaint to include the new proposed claims. Defendants do not address this portion of plaintiff's motion. 

DISCUSSION
Notice of Claim
Service of a notice of claim is required prior to the commencement of a tort action against a municipal to enable "authorities to investigate, collect evidence and evaluate the merit of a claim. . . ." Davis v City of New York, 153 AD3d 658, 660 (2d Dept 2017) (internal quotation marks and citation omitted); see GML § 50-e (1) (a). The notice of claim shall be served "within ninety days after the claim arises." See GML § 50-e (1) (a). "A petition for leave to serve a late notice of claim is addressed to the sound discretion of the court." Matter of Harper v City of New York, 69 AD3d 939, 940 (2d Dept 2010). 
In determining whether to grant an application for leave to serve a late notice of claim, the court must consider "(1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in maintaining its defense on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for the delay." Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670, 671 (2d Dept 2018); see also General Municipal Law § 50-e (5). The presence or the absence of any one of the factors is not necessarily determinative, however, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance. Matter of Placido v County of [*2]Orange, 112 AD3d 722, 723 (2d Dept 2013). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves." Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148 (2d Dept 2008). 
Late Notice of Claim
Although GML § 50-e (5) gives the court discretion to grant leave to serve a late notice of claim upon consideration of the factors set forth in the statute, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." Therefore, "once the statute of limitations has expired, the court is without discretion to entertain an application for leave to file a late notice of claim." Matter of Goffredo v City of New York, 33 AD3d 346, 347 (1st Dept 2006). 
Pursuant to GML § 50-i (1) (c), "the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." A cause of action alleging defamation accrues at the time the alleged statements are originally uttered. Wilson v Erra, 94 AD3d 756, 756 (2d Dept 2012). A claim for intentional or negligent infliction of emotional distress starts to accrue "on the date of injury." Bellissimo v Mitchell, 122 AD3d 560, 561 (2d Dept 2014). 
According to plaintiff, Goodwin's defamatory statements caused him to suffer emotional distress. Thus, the events giving rise to the proposed claims arose from the initial incident, but possibly started to accrue, at the latest, on August 4, 2022, the date plaintiff received the Eastchester Police Report. However, plaintiff sought leave to serve a late notice of claim on December 20, 2023, which is not within one year and ninety days from approximately August 4, 2022. Accordingly, this Court has no discretion to extend the time to serve the late notice of claim. See e.g. Matter of N.M. v Westchester County Health Care Corp., 10 AD3d 421, 423 (2d Dept 2004) ("Because [plaintiff] did not seek leave to serve WCHCC with a late notice of claim until September 2002, well after the one year and 90-day statute of limitations period had expired, the Supreme Court was without authority to grant the branch of the petition concerning [his] claim"); see also Zayed v New York City Dept. of Design & Constr., 157 AD3d 410, 410 (1st Dept 2018) (citation omitted) ("The motion court was not permitted to grant an extension after the statute of limitations had run since, to do so, would render meaningless the portion of General Municipal Law § 50-e (5) that expressly prohibits the court from doing so").
It is unclear why defendants failed to note the untimely request to file a late notice of claim. In any event, even if the request had been timely filed, plaintiff would not be permitted to file a late notice of claim to include the additional claims because plaintiff failed to establish that defendants acquired actual knowledge of the essential facts constituting the claims within 90 days or a reasonable time after. While it is alleged that Goodwin fabricated part of what transpired during plaintiff's incident to the police, the police report, on its face, would not alert defendants to the nature of plaintiff's proposed claims. Nor would the video footage or the conversations/complaint to the customer service representative. Thus, even if the County defendants possessed all this information, "[t]he statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted." Matter of Carpenter v City of New York, 30 AD3d 594, 595 (2d Dept 2006). See e.g. Id. ("Knowledge that the petitioner fell on ice in the parking lot does not connect the accident to the claim of negligence"). Further, [*3]"[i]n any event, the [plaintiff] also failed to demonstrate that his delay in serving his [late] notice of claim was reasonable." Matter of Abdul v City of New York, 131 AD3d 1165, 1166 (2d Dept 2015). Here, plaintiff was aware of the police report and allegedly began to suffer emotional injuries prior to the original filing of the notice of claim, but did not seek leave to amend until fourteen months later.
Amending the Notice of Claim
In the alternative to filing a late notice of claim, plaintiff requests permission to amend the notice of claim pursuant to General Municipal Law § 50-e (6) to include claims for defamation and intentional/negligent infliction of emotional distress. "A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability. While a court has the discretion to permit a plaintiff to serve an amended notice of claim, amendment is permitted only where the error in the original notice of claim was made in good faith, the municipality is not prejudiced, and the amendment does not substantively change the nature of the claim." Matter of Lesaine v New York City Health & Hosps. Corp., 199 AD3d 1005, 1006 (2d Dept 2021) (internal quotation marks omitted). 
Here, the original notice of claim was limited to personal injuries sustained as a result of defendants' negligence when the bus came into contact with plaintiff as he was attempting to board. "There were no allegations, direct or indirect," that defendants' employees defamed plaintiff and that plaintiff sustained emotional damages as a result. Washington v City of New York, 190 AD3d 1009, 1011 (2d Dept 2021). Accordingly, the request to amend the notice of claim is denied, as "the proposed amendment to the notice of claim was not technical in nature as it included a substantive change to the facts and added a new theory of liability." Matter of Lesaine v New York City Health & Hosps. Corp., 199 AD3d at 1006. 
Motion to Amend Complaint
Generally, leave to amend a pleading should be freely granted in the absence of prejudice to the opposing party and where the amendment may have merit. See Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 (2015); CPLR 3025(b). 
Plaintiff seeks leave to amend his complaint to include claims for defamation, intentional and negligent infliction of emotional distress against the County defendants, to the extent that these acts were done by Goodwin while in the course of her employment. He is also seeking to amend the complaint to include causes of action for intentional and negligent infliction of emotional distress directly against Goodwin.
Defendants do not oppose this part of plaintiff's motion. Nevertheless, "inasmuch as the plaintiff may not maintain causes of action for which he failed to serve a timely notice of claim. . . the addition to the complaint of new claims . . . barred by the failure to timely serve a notice of claim, would be a palpably insufficient amendment." Buchanan v Beacon City School Dist., 79 AD3d 961, 962 (2d Dept 2010) (internal quotation marks and citations omitted). Accordingly, the portion of plaintiff's request to amend the complaint to include claims as against the County defendants, is denied. 
However, the portion of plaintiff's motion to amend the complaint as against Goodwin individually to include the two new causes of action, is granted.
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of [*4]reference thereto.

 CONCLUSION
Accordingly, it is hereby
ORDERED that the branch of plaintiff's motion seeking leave to file a late or amended notice of claim, pursuant to General Municipal Law 50-e, is denied; and it is further 
ORDERED that the branch of plaintiff's motion for leave to file and serve an amended complaint pursuant to CPLR 3025(b) is partially granted, to the extent that the amended complaint may include causes of action for intentional and negligent infliction emotional distress alleged as against defendant Helen Goodwin only, and the remainder of the request for leave to amend is denied; and proposed amended complaint, as attached to plaintiff's motion in Exhibit G and removing any new claims alleged as against the County defendants, shall be deemed served, upon service of a copy of this order with notice of entry thereof; and it is further
ORDERED that the defendants shall serve an answer to the amended complaint or otherwise respond thereto within 30 days from the date of said service.
The parties are reminded of their upcoming virtual compliance conference scheduled for July 11, 2024 at 4:00 p.m., subject to confirmation by the virtual conference link emailed by the Part.
Dated: May 23, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.